Anson S. Johnson *v.* Phineas Nash.

</div>

A deputy clerk of the county court has authority to sign writs returnable to that court.

Where the clerk of the county court by mistake signed a writ, returnable to that court, as "deputy clerk," he was allowed to amend, after plea in abatement filed, by annexing to his signature the word "Clerk."

ASSUMPSIT. The original writ, which was made returnable to the county court, was served by attaching the property of the defendant, and was signed " E. A. Stansbury, Dep. Clerk," and in no other manner. The defendant pleaded in abatement, that Stansbury, at the time of the issuing and service of the writ, was not a deputy clerk of Chittenden county court. The plaintiff then moved for leave to amend the writ by allowing Stansbury to come into court and annex to his signature the word "Clerk." And it was shown to the court, that Stansbury was in fact clerk, at the time of the issuing and service of the writ.

The county court, March Term, 1846,—BENNETT, J., presiding, —allowed the amendment; to which the defendant excepted.

*C. Adams* for defendant.

*Kasson & Buckley* for plaintiff.

The opinion of the court was delivered by

ROYCE, Ch. J. This was not a case, where the writ was apparently irregular and void; for a deputy clerk has authority to sign writs. The amendment was but the substitution of one name of office for another, when an officer of either name might legally do the same official act.

An averment *de hors* the process was therefore necessary, to impeach its apparent validity. And the allegation was accordingly made by the plea in abatement, that Mr. Stansbury was not deputy clerk. But he in fact sustained the office of clerk, which comprehended all the powers of a deputy. The right name was therefore signed, and the authority of clerk appeared to attend it; for a deputy's powers are those of the principal. But the authority appeared to be delegated, when in truth it was original. It was a case where Mr. Stansbury *misdescribed the capacity in which he exercised the powers of clerk.* And the amendment merely sought to correct that misdescription, without supplying any authority not already apparent upon the writ. We think the county court were warranted in treating the form of signature as a mere misprision or mistake of their own officer, and permitting it to be amended.

Judgment of county court affirmed.