## ALLEN BATES v. GEORGE W.. BASSETT.

*Municipal Corporation. Towns. Taxation.* R. L. s. 2751.

1. A town by force of the statute,—R. L. s. 2751,—which provides that a town may vote money for necessary incidental town expenses, may legally build a town house, and impose taxation therefor, for the accommodation of its meetings, for its municipal offices, and furnish the building with improved conveniences,—as heat by steam, and water; and if the primary purpose of the erection was for proper municipal uses, the town may rent a part of it for income. And it rests in the discretion of the voters, if exercised in good faith, to decide as to the expense of such building; and in so doing they may anticipate the prospective needs of the town.

2. It is the duty of a town to act with the discretion of a prudent owner in the care and management of its buildings; thus it may lawfully repair an old building for rental purposes, although it would be illegal, if the primary object was to invest money in a building to rent.

REPLEVIN for one cow, etc., taken by the defendant by virtue of his warrant as constable and collector of taxes. Plea, that the property was taken by defendant, as collector of taxes on a rate bill and warrant. Heard by the court, March Term, 1887, TAFT, J., presiding. Judgment for the defendant.

It appeared that the town of Barre owned an old town hall in the second story of a building, the lower story of which was owned by another party ; that in the winter of 1885, from the accumulation of snow on the roof, the town hall building was crushed in, completely destroying the walls of that part of the second story belonging to the town ; that the selectmen, under a vote of the town, repaired the hall by putting up walls dividing the hall by partitions, into several rooms, and rented them. The court found : That the old town hall was not and is not needed or used for any purposes of the town, and that the same was not necessary or incidental to any use of the town ; that the said old town hall was refitted and repaired by the said

town of Barre at an expense of over $2,500, for the purpose of renting the same; that the same apartments are now rented to various parties for a term of years by written leases and the town of Barre receives and takes the rent for the same. We find that it would have been as profitable for the town in the end to have sold their interest in the old town hall instead of repairing and renting it; that in regard to the new town hall that the building could have been built for all the suitable and reasonable uses of the town without being built in the manner and purposes set forth in the statement referred to. It is at the present time a profitable investment; we cannot find whether it will so continue or not. We think a town hall suitable and proper for the town could have been built without building any part or portion of it for rental purposes, and as profitable for the town; that the money expended in repairing the old town hall together with the building of the new town hall and the fitting up of the same with scenery, heating apparatus, and both together went in to make up a portion of the indebtededness of said town of Barre for the payment of which a tax was levied against the plaintiff and his property distrained, and was included in the tax so assessed against the plaintiff.

The court also found, among other things, that the facts in the following statement, signed by the defendant, were true : That said building so erected by said committee is built of solid brick walls, is two stories high, with basement underneath the whole of said building; that said basement is divided into five apartments or rooms. In one of them is the apparatus for heating the whole building, and the other four are rented to several parties for a term of years. And none of them are required or used by the town. And while one of them might be used as a storage room for the road machine, spile driver and other town property, it is found that the same can be housed elsewhere at one-fourth of the rental value of one of said rooms. That the first story of said building was divided into four apartments or rooms. The first is used as a post-

office, and a small room finished off in the rear of said office is occupied by the town and village clerk and treasurer, and contains the safe and records of the town, and said room is small, not over twenty feet square, and of little value with the rental of said town, and the fair rental of the town will not exceed $50 per year. The annual rental of the first story and basement is about $1,300. The second story of the building is finished off for a town hall, or, as it is generally known, the "Opera Hall." The hall was built and finished off for a town hall and an "opera hall." Several dressing rooms and closets were fitted for the accommodation of threatrical troops.

"It is agreed that the old site is centrally located and easily accessible, and that it could have been rebuilt and furnished at an expense to the town of not exceeding $5,000, so that the same would have been as safe and as convenient to the voters of said town assembled in freeman's and town meeting for the transaction of the business of the town as is the new hall, but would not be as convenient, desirable or valuable to rent for theatrical, operatic or other purposes."

The new building cost over $29,000. The selectmen purchased scenery for the stage in the hall at an expense of $413.50, and whole expense of fitting up the stage was $850. The population of Barre is rapidly increasing. The town was obligated to a third party to keep the walls of the second story and the roof of the building in which the old hall was situated, in good repair.

*John G. Wing*, for the plaintiff.

A municipal corporation can lay no taxes unless the power be plainly and unmistakably conferred. 2 Dill. Mun. Corp. s. 763; 4 Wait, Act. & Def. 621; *Caldwell* v. *Rupert*, 10 Bush. (Ky.) 179; *Kniper* v. *Louisville*, 7 Bush. (Ky.) 599; *In re M. E. Church*, 66 N. Y. 395; *Sewall* v. *St. Paul*, 20 Minn. 511; *Vance* v. *Little Rock*, 30 Ark. 430; *Heine* v. *Levee Comm'rs*, 19 Wall. 660; *Daily* v. *Swope*, 47 Miss. 367; *Waterhouse* v. *Board, etc.*, 8 Heisk. 857; *Wheatley* v.

*Covington*, 11 Bush. (Ky.) 18. And then only for a public purpose. *Allen* v. *Jay*, 60 Me. 124; *Loan Association* v. *Topeka*, 20 Wall. 664; *McCulloch* v. *Maryland*, 4 Wheat. *431; *Broadhead* v. *Milwaukee*, 19 Wis. 658; *Weismer* v. *Douglas*, 4 Hun, 201; *Matter of Market Street*, 49 Cal. 546; Cooley, Con. Lim. 479; *Mayor* v. *New York*, 11 Johns. 80; *Camden* v. *Allen*, 2 Dutcher, 398; *Hanson* v. *Vernon*, 27 Iowa, 28.

If the defendant can justify under the vote of the town, it can be only under section 2751, Rev. Laws.

If any of the items furnished by the town were not "necessary incidental expenses," the whole tax was void. *Drew* v. *Davis*, 10 Vt. 506; *Bangs* v. *Snow*, 1 Mass. 181; *Stetson* v. *Kempton*, 13 Mass. 272; *Libby* v. *Burnham*, 15 Mass. 272; *Johnson* v. *Colburn*, 36 Vt. 693.

Municipal corporations have power to fit up a building for municipal purposes. *People* v. *Harris*, 4 Cal. 9; 4 Wait, Act. & Def. p. 214. A city cannot erect buildings for business purposes. *Worden* v. *New Bedford*, 131 Mass. 23; *Oliver* v. *Worcester*, 102 Mass. 489; *Hill* v. *Boston*, 122 Mass. 344; *French* v. *Quincy*, 3 Allen, 9. Nor purchase land to stop litigation. *Place* v. *Providence*, 12 R. I. 1. As bearing upon this question, see *Hazen* v. *Strong*, 2 Vt. 427; *Briggs* v. *Whipple*, 6 Vt. 95; *Drew* v. *Davis*, 10 Vt. 56; *Van Sicklen* v. *Burlington*, 27 Vt. 70. The case of *Beatty* v. *Knowler*, 4 Pet. 163, will tend to explain and limit "incidental expenses." *Hood* v. *Lynn*, 1 Allen, 103; *Vincent* v. *Nantucket*, 12 Cush. 103; *Lyman* v. *Newton*, 134 Mass. 476.

The town had no right to repair the old hall. The new town hall was not built in good faith for municipal purposes, but for an opera hall, stores, etc.

*E. W. Bisbee* and *S. C. Shurtleff*, for the defendant.

Towns are authorized by statute to provide a suitable place for holding the meetings, and for other purposes incidentally

connected with the business of the town. R. L. s. 2751. The building of the town hall comes clearly within section 2751, Rev. Laws. *Van Sicklen* v. *Burlington*, 27 Vt. 70; Dill. Mun. Corp. ss. 91, 463. The population of Barre is rapidly increasing, and it had a right, and it was its duty, to provide for its prospective wants. *Greenbanks* v. *Boutwell*, 43 Vt. 207; *French* v. *Quincy*, 3 Allen, 9; *Spaulding* v. *Lowell*, 23 Pick. 71, 80; *Williard* v. *Northampton*, 12 Pick. 230; *Stephens* v. *Kent*, 26 Vt. 511; *Hill* v. *Boston*, 122 Mass. 344; *Worden* v. *New Bedford*, 131 Mass. 23; *Bell* v. *Plattville*, 36 N. W. Rep. 831; *Reynolds* v. *Mayor of Albany*, 8 Barb. 597; *Greeley* v. *People*, 60 Ill. 20; *Eddy* v. *Wilson*, 43 Vt. 362.

It was for the town to judge whether to repair the old hall or build a new one. The facts show that the town acted in good faith.

The opinion of the court was delivered by

POWERS, J. It is undeniably true that towns have no power in the absence of special statutory authority to levy taxes upon their inhabitants. It is undeniably true that under such statutory authority they are limited to taxation for municipal or public purposes. It is undeniably true that in the care, preservation and management of their property, whether it consist of buildings, tools, road-machines or anything else, they not only have the clear right, but in justice to the taxpayers, are in duty bound to act with the discretion of a prudent and provident owner.

Towns have the clear right to build town houses for the accommodation of its meetings and rooms for its municipal offices. Expenditures for such purposes are proper incidental expenses within the range of section 2751, Rev. Laws.

In this case the town was confronted with a calamity which compelled a choice between building a new town house or repairing the old one. It might lawfully do either. It elected to build a new one. The building of the new one was an ob-

ject of a public character which made taxation for the purpose lawful. Having the power to impose taxation for the new building, the town in legal meeting is the only umpire to decide how much it will expend in such building. We do not say that the discretion of the majority of the voters is unlimited in respect to a proposed expenditure for a proper municipal purpose. Cases may be easily conceived where a majority might vote an excessive tax from a reckless disregard of all rules of prudence. But courts do not undertake to set up their own views of the propriety of municipal actions as the standard by which to try the action of a town in the exercise of a power lodged with it by the law, but leaves the exercise of such power just where the legislature has left it, in the discretion of the voters until it is seen that the discretion is abused by a willful perversion of the power to illegal ends or abuse of its exercise that demands restriction.

The town of Barre might well anticipate its prospective needs in providing itself with a new town hall. It was not tied down to the iron rule of absolute necessity in determining the kind or style of its town hall. But it might build fitly according to its ability and according to its manifest destiny. It might provide such conveniences and improvements as prudent people customarily employ in the day and generation in which it builds. If steam heating is thought superior to the old-fashioned fire-place, if the introduction of water into the building conduces to health as well as cleanliness, both manifestly are proper furnishings to the new building. The fitting up of rooms for rent was an expense *incidental* to the building of the town hall. The town has no right as a primary purpose to erect buildings to rent, but if in erection of its hall for its proper municipal uses, it conceives that it will lighten its burdens to rent part of its building whereby an income is gained, no sound reason is suggested why it may not do so. The true distinction drawn in the authorities is this: If the primary object of a public expenditure is to subserve a public municipal purpose the expenditure is legal, notwith-

standing it also involves as an incident an expense which standing alone would not be lawful. But if the primary object is not to subserve a public municipal purpose but to promote some private end, the expenditure is illegal, even though it may incidently serve some public purpose. This is the test where good faith is exercised in making the expenditure. If a public purpose is set up as a mere pretext to conceal a private purpose, of course the expenditure is illegal and fraudulent. There is nothing in this case that invalidates the action of the town in building its new town hall. *Spaulding* v. *Lowell*, 23 Pick. 71. .

Having elected to build, the town had on its hands an old building. In the exercise of what seemed to them to be a wise discretion, the voters decided to repair it for rental purposes. This is said to be illegal. It would be, if the primary object was to invest money in a building to rent. The town could not purchase a building for rental purposes solely. But here the town already owns a building purchased or erected for its proper municipal purposes. It no longer has use for it for municipal purposes. Must it sacrifice its property, or may it not do with it what a prudent man would do with such a building? Suppose in a few years its road machine is supplanted by some improved machine which it deems it is wise to purchase, could it not keep its old one in repair to rent advantageously to others? It is no answer to say that the town would in the long run be as well off to give away its old building. The question was one for the town to decide for itself and its decision made in good faith is final.

The numerous cases cited in the defendant's brief fully support the conclusions here reached.

Judgment affirmed.