## TOWN OF CORINTH *v.* JOHN B. LOCKE ET AL.

*Equity, jurisdiction.   Power of town to hold real estate.   Deputy clerk may sign writ of possession.*

1.  A town may purchase at sheriff's sale, and maintain its title to real estate which has been taken upon execution in its favor.

2.  The bill alleged that the orator claimed title under a sheriff's deed following a sale of the land upon execution in its favor against one of the defendants; that this defendant, subsequently to the sheriff's sale, executed first a mortgage and afterwards a warrantee deed of the premises to the other defendants; that still later the orator took out a writ of possession which was served upon the defendant grantor, and that the defendant Fowler, who was then occupying the house upon the premises, agreed to hold under the orator; that said mortgage and deed were without consideration; that in virtue of them the defendants claimed title to the land, had pastured some of it, cut down trees standing upon it, and were threatening violence to any one who should occupy under the orator; that the defendants were irresponsible; that the vindication of the orator's rights at law would require a multiplicity of suits, and that the above conveyances constituted a cloud upon the orator's title.  *Held,* that a court of equity had jurisdiction, for that no remedy at law was adequate to reach the justice and equity of the case.

3.  A deputy clerk has all the power of the clerk to sign a writ of possession.

Bill in equity.  Heard upon demurrer to the bill for want of equity at the June Term, 1889.  ROWELL, Chancellor, sustained the demurrer with costs.  The orator appeals.  The case appears in the opinion.

*J. K. Darling* and *R. M. Harvey,* for the orator.

A demurrer to a bill admits the facts therein stated, and if well taken to some points and not to others it must be overruled *in toto. Hall* v. *Dana,* 2 Aik. 381; *Shed* v. *Garfield,* 5 Vt. 39.

The town might take a grant of the land and maintain its title thereto.  *Hall* v. *Coventry,* 4 Vt. 295 ; 2 Kent, 281 ; *Tucker* v. *St. Clement,* 3 Sand. 242, 249 ; *Van Sicklen* v. *Burlington,* 27 Vt. 70 ; *Atkins & Co.* v. *Town of Randolph,*

Town of Corinth *v.* Locke et al.

31 Vt. 237, 238 ; Dill. Mun. Cor. (3d Ed.) s. 579 ; *Vanarodell et al.* v. *State*, 65 Ind. 181 ; *Sturgeon et al.* v. *The Board of Commissioners*, 65 Ind. 302 ; Dill. Mun. Cor. ss. 574, 575, 576.

The deputy clerk might sign the writ of possession. R. L. s. 2604 ; *Johnson* v. *Nash*, 20 Vt. 40.

The orator had sufficient possession to maintain a suit to· remove a cloud upon the title. *Hodges* v. *Gregg et al.*, 21 Vt. 280 ; *Eldridge* v. *Smith et al.*, 34 Vt. 484.

And the court under the facts should exercise that jurisdic. tion. *Pettit* v. *Shepard, Admx.*, 5 Paige Ch. 493 ; *Bigelow* v. *Cong. Society of Middletown*, 11 Vt. 283 ; *Hadden* v. *Spader*, 5 John. Ch. 280, and 20 John. 554.

Equity has also jurisdiction to prevent irreparable waste. *Smith* v. *Pettengill*, 15 Vt. 82 ; *Canfield* v. *Andrews*, 54 Vt. 1 ; 2 Sto. Eq. Jur. ss. 917, 918.

And to prevent a multiplicity of suits. *Canfield* v. *Andrews*, *supra.*

If the bill can be entertained for one reason, the whole case· should be disposed of. *Dana* v. *Nelson*, 1 Aik. 252 ; *Berdsley* v. *Knight*, 10 Vt. 185, 190 ; *Hastings, Admr.*, v. *Perry et al.*, 20 Vt. 278.

*Hunton & Stickney*, for the defendants.

The clerk must examine and ascertain whether the premises had been redeemed before issuing the writ of possession. This power he could not delegate to his deputy. *Ex parte Kellogg*, 6 Vt. 509.

Ejectment was the proper remedy. *Langdon* v. *Templeton*, 17 At. Rep. 839, 840; *Brown et al.* v. *Graham & Graham*, 2 Tyl. 411 ; 2 Greenl. Ev. ss. 650–658 and notes; *Hastings* v. *Perry*, 20 Vt. 272 ; 2 Dan. Ch. 1632.

A party out of possession cannot sustain a suit to remove a cloud from the title. 3 Dan. Ch. 1961, n. 1, par. 4; *Eldridge* v. *Smith*, 34 Vt. 484 ; *Rooney* v. *Sowle*, 45 Vt. 307 ; *Lippett* v. *Kelley*, 46 Vt. 516.

The orator could not acquire and hold title to this property. Towns may acquire and hold real estate for certain specified purposes and for those alone. R. L. ss. 2237, 2853, 2854, 2861, 4456, 644, 2751 ; *Woodbury* v. *Bruce,* 59 Vt. 624 ; *St. Johnsbury* v. *Morrill,* 55 Vt. 165 ; *Bates* v. *Bassett,* 60 Vt. 530 ; *Greenbank* v. *Boutwell,* 43 Vt. 208 ; *Williams* v. *Lash,* 8 Minn. 496 ; 2 Freeman Ex. 292 ; Rorer Jud. Sales, s. 787 ; *in re McGraw's Est.* affirming 45 Hun. 354, 25 Am. Dig. 20 ; *Cook County* v. *McCrea,* 93 Ill. 236 ; *Morton* v. *Edwin,* 19 Vt. 77.

The opinion of the court was delivered by

POWERS, J. This case was heard upon a demurrer to the orator's bill for want of equity.

The bill in substance states that the orator, the town of Corinth, is the owner in fee simple of certain lands and premises in that town by virtue of a sheriff's deed thereof to the orator, dated February 22d, 1888 ; that said deed followed in due course of law a sale at auction of said lands upon an execution at law in favor of the orator and against the defendant John B. Locke and others; that the orator took out a writ of possession on the 19th day of January, 1889, which was served upon the said John B. Locke January 29th, 1889, and the orator was thereby put in possession of said lands.

That on February 20th, 1888, the said John B. Locke executed a mortgage deed of the same land to Richard 'S. Robie, which was placed upon the land records of the town and still remains there undischarged ; that on August 16th, 1888, the said John B. Locke executed to S. F. Locke, D. B. Locke and Herman Locke a warrantee deed of the same lands, which deed now stands upon the land records of the town ; that the defendant Fowler, at the time of the service of the orator's writ of possession, was in the occupancy of a house and barns on the premises and agreed to hold the same under the orator if not dispossessed by virtue of said writ ; that the town of Corinth has voted to sell the premises and appointed an agent for that purpose.

(27)

That the mortgage aforesaid to Robie and the warrantee deed to said Lockes, executed by said John B. Locke, were without consideration, and were taken by said parties with full notice of the orator's rights in the premises, and were executed and accepted for the purpose of harassing the orator and preventing its beneficial use of the premises, and that since then said parties have cut down and carried away timber standing on the premises, have pastured the lands and threatened violence to any person seeking to occupy the same under the orator ; that successive acts of trespass have been committed upon the premises, and more are threatened ; that a great multiplicity of suits are necessary to the vindication of the orator's rights at law ; that the defendants are irresponsible ; that said mortgage and deed are a cloud upon the orator's title, and prevent a sale of said lands by the orator, and prays for relief.

The question presented upon this record is whether a court of equity has jurisdiction to afford relief to the orator.

The writ of possession issued to the orator and served by the officer, in law put the legal possession of the premises in the orator. Fowler, the tenant of one of the houses upon the premises and the only occupant, attorned to the orator and so possession in fact to this extent was taken. It is suggested that the writ of execution was illegally issued for that it was signed by a deputy of the clerk. But the deputy had all the power of the clerk to sign the writ. R. L. s. 2604 ; *Johnson* v. *Nash*, 20 Vt. 40.

It is next contended that if the service of the writ of possession put the orator in possession, the successive inroads of the defendants upon the premises were not acts of trespass, but that thereby the orator was ejected and expelled from the premises and so an ejectment is now his remedy, and the *dictum* of TYLER, J., in *Brown* v. *Graham*, 2 Tyler, 411, is quoted as supporting this contention. That was an action of trespass *quare clausum* against two defendants, one of which defendants had never been in possession after the levy. The other defendant was no party to the execution and had been in possession adverse to the plaintiff before, down to and since the levy.

The case is quite unlike the case at bar. There the defend-ant Nathan B. Graham was in actual possession under some claimed title anterior to any title acquired by the plaintiff under his levy of an execution upon the interest of John A. Graham. Nathan B. therefore stood not upon a title which was or was attempted to be subordinated to the title of the plaintiff and so was wholly unaffected by the legal proceedings of the plaintiff. Here John B. Locke was the debtor in the execution and the other defendants held title, so far as they held .it at all, under John B. and took the same with full notice of the orator's rights and as volunteers. Moreover the service of the writ of posses-sion *per se* gave the orator the legal possession.

It is not enough that the orator may have some remedy at law to get rid of the cloud upon his title. In cases where the oppressive character of the litigation involved throws upon the plaintiff an unusual and unconscionable expense and annoyance, equity has jurisdiction to remove a cloud upon his title notwith-standing a remedy exists at law. *Nicoll* v. *Trustees of Hunt-ington*, 1 Johns. Chan. 166.

Again the orator has already established its title at law, so far as these defendants are concerned. The reason then which is urged in some of the cases against the jurisdiction of equity, namely, that the legal right must be established before the aid of equity can be invoked, is lacking in this case. Here the title of the defendants upon its face appears to be valid and is only invalidated by proof of extraneous facts showing it fraudulent. This of itself is enough to uphold the jurisdiction of equity. *Van Doren* v. *New York*, 9 Paige Chan. 388.

The bill charges that a multiplicity of suits are threatened and will be necessary to enable the orator to settle its rights in the premises and that the defendants are irresponsible.

These facts show jurisdiction in a court of equity, especially where one of the remedies demanded by the facts of the case is the surrender up and cancellation of a deed as prayed for by the orator.

Upon the whole it is entirely clear upon the facts stated in the bill and confessed by the demurrer, that rights exist in the orator and that no remedy at law is adequate to reach the justice and equity of the case and therefore the case is properly in this court. *Mallory* v. *Vanderhaden*, 3 Barb. Ch. 9.

It is next urged that the orator had no right to buy the lands in question at the auction sale upon the execution.

Under our statute towns have the right to sue and are liable to be sued. A delegation of the power to sue, upon familiar principles carries, by implication, with it all such further incidental power as is needed to make the express grant effectual for the purposes for which it was made. A town having a claim may bring suit upon it. For what purpose, if not to obtain satisfaction? How is satisfaction to be obtained if the aid of a judgment and an execution issued thereon is not available? It is obvious that to this extent the right to sue operates to give the orator a valid lien upon the lands in question which it held as security for claim or claims against John B. Locke. Does the law stop here? Does a town standing as a creditor in an execution legally obtained in a suit which it is empowered to institute, lose the fruits of its judgment upon the ground that at the public sale of the lands under the execution, it cannot bid, but must stand by and see the property sacrificed?

The mere statement of the proposition is its own refutation. A town may hold real estate for various purposes. It may enforce demands in its favor precisely as other creditors may. It may protect its pecuniary interests precisely as an individual could so far as a prudent regard for them requires it to husband its securities. This is sufficiently indicated by the case of *Bates* v. *Bassett*, 60 Vt. 530.

The cases cited by defendant are not in point. No question of *ultra vires* is involved in the purchase by the town in this case. The purchase was not made for a purpose foreign to its interests, but to protect and defend them.

*The decree is reversed, the demurrer overruled, and the case remanded.*