No. 11,473.

The Parish of Concordia vs. S. R. Bertron.

Police juries have the capacity to buy the property of delinquent tax collectors seized, sold and adjudicated at sheriff's sale under the judgment and execution of the jury against the delinquent. Const., Art. 118; R. S., Secs. 3321, 351, 354; 2 H. D. 1157, No. 1; *et seq.*

To divest the title of the owner, the adjudication of his property for taxes must be preceded by notice to him. Const., Art. 210; 30 An. 871; 43 An. 726, 427.

The prescription of three years will not avail the adjudicatee at the tax sale or those claiming under him, when no such notice has been given the owner. *Ibid.*

APPEAL from the Eighth District Court, Parish of Concordia. Boatner, J. ad hoc.

*Lazarus, Moore & Luce* Attorneys for Plaintiff and Appellee:

Police juries are authorized to employ counsel other than the district attorney. 24 An. 145; 28 An. 455.

Parishes have power to purchase and own real estate. C. C. 433.

Parishes have the inherent and incidental powers to carry out the powers expressly granted. 2 Dillon's Municipal Corporation, Secs. 561 562; Parish vs. Eager, 15 Wis. 590.

Defendant is estopped from denying the title of plaintiff, having acquired title through the plaintiff, in tax proceedings against the plaintiff as owner.

Parish of Concordia vs. Bertron.

The tax title of defendant, being without the notice prescribed by law, is absolutely illegal. 30 An. 871; 32 An. 226; 33 An. 291, 529; 43 An. 426; 44 An. 909.

A judicial sale can not be avoided without showing injury. 31 An. 639; 6 An. 61; 12 An. 271.

In a petitory action, plaintiff can recover against a naked possessor on an apparent title; and it is not necessary to make out a title good against the world. 8 La. 246; 10 An. 540; 15 An. 454; 23 An. 274.

The State can be estopped. 28 An. 121; 26 An. 460; 34 An. 359; 29 Mo. 543.

*Elam & Dale* Attorneys for Defendant, Appellant:

Parishes, like counties in other States, are involuntary political or civil divisions of the State, designed to aid in the administration of government as State auxiliaries or functionaries, possessing no other powers than those delegated, ranking low down in the scale of corporate existence, and wel distinguished from municipal corporations proper, which are vested with more extensive powers, and endowed with more important functions, and a larger measure of public life. As a rule they can not acquire real estate, unless for public utility, and can not dispose of the same, after it has been acquired and devoted to public service without legislative authority. They may, however, be the object of public and private bounty in the absence of disabling or restraining statutes. * * * They have no life, no attribute, no power, no rights, no obligation, but such as have been conferred or imposed upon them. Parish vs. Gaddis, 34 An. 931.

*Clinton & Garrett* Attorneys for Warrantor, Appellant:

The parish was incapable of acquiring or holding the immovable property, as the same was not acquired for public purposes under legislative authority, either express or distinctly implied. See Cooley on Const. Lim., 6th Ed, p. 294 *et seq.*; Dillon on Municipal Corporations, Sec. 10; 32 An. 624-627; Am. and Eng. Ency. of Law, Vol. 15, p. 1057 *et seq.* and notes thereunder; also Vol. 4, p. 348 *et seq.* and notes.

A municipal corporation has no authority to purchase land at an execution sale upon a judgment obtained on an official bond. See Williams vs. Lash, 8 Minn. Reports, 496.

The defendant and warrantor acquired all the rights of the State, and the estoppel, invoked by plaintiff, can not apply, for the reason that the State is the sover eign and the parish simply an agent for the performance of certain public functions.

Defendant in possession claiming title has the right to require plaintiff not only to show a better title than his own, but a title as good as any the latter can oppose to him, whether invested in defendant or not. See Font vs. McConnell, 46 An. 215.

The vendee in case of eviction can not recover from the warrantor fees paid by him to counsel for asserting his rights in court. 19 La. 357. The contrary doc trine was laid down in 2 An. 868, but overruled expressly in 13 An. 499; 14 An. 311, 757, 826; also in 15 An. 517.

The opinion of the court was delivered by

MILLER, J.   The plaintiff, the parish of Concordia, instituted the petitory action to recover certain lands.   The title of the plaintiff is derived from the sale of the lands under execution of the judgment of the parish against P. W. Chase, at which sale the parish became the adjudicatee.   When the sheriff's sale was made the lands were assessed for taxation for the year 1888 against P. W. Chase, and on the 4th of May, 1889, were adjudicated to the State by the tax collector, the basis of the adjudication being the assessment for the year 1888.   Thereafter, the lands were listed to the Board of Commissioners of the Fifth Levee District, the list being recorded on the 24th of April, 1891, in the office of the clerk of the court and *ex officio* Recorder of Concordia.   Act No. 44 of 1886, Sec. 11. The Levee Board conveyed the lands to S. R. Bertron, the defendant, on the 15th of December, 1891, the conveyance embracing the lands in controversy, as well as all lands in Concordia acquired by the board under the Act No. 44 of 1886.   The defendant asserts title under the conveyance of the board, avers the parish is estopped from disputing his title, because, subsequent to his purchase, the parish authorities assessed taxes against him on the property; that the parish itself has no title, because incapable of acquiring the property; pleads the prescription of one, three and five years, and finally calls in warranty the Levee Board, and in the event of eviction, claiming judgment against the board for the price paid and the amount of certain taxes alleged to have been paid by the defendant for the years 1880 to 1892.   The Levee Board, answering the call in warranty, specially deny any liability for counsel fees claimed by defendant in the event of eviction, and adopt his defences.   The judgment of the lower court was in favor of plaintiff against defendant for the land, and in favor of defendant against the warrantor for the price, reserving the question of taxes paid.  · The appeal is by defendant and his warrantor.

The main defence in this court is the asserted incapacity of the plaintiff to acquire the property at the sheriff's sale.·  That sale was to satisfy the judgment of the parish against Chase for parish taxes collected by him as sheriff and *ex officio* tax collector, and for which he had not accounted.   Defendant's argument supposes the parish can not acquire property at a sheriff's sale made to satisfy the judgment of the parish against the delinquent tax collector.   The prop-

erty of the debtor is the common pledge of his creditors. It is the right of the creditor to recover judgment against his debtor, issue execution and subject his property to sale for satisfaction of the judgment. The plaintiff in execution under the general rule certainly can buy the property at the execution sale, if to protect his interest he chooses to purchase. The purchase is a mode of satisfying the judgment. On what ground is a parochial corporation to be excluded, when a judgment creditor, from the right to purchase the debtor's property, accorded by law to the seizing creditor? The theory of the defendant and warrantor seems to be that the purchase of property by the police jury at the sheriff's sale made under execution against its debtor is forbidden by law and public policy.

The competency of the police jury, created for purposes of parochial government, to acquire property without any restrictions may well be doubted. That general question is not involved in this case. The purpose of the purchase in this case was to restore to the parish the funds derived from its taxes, not accounted for by the tax collector. Such purchases affirm no capacity of the jury to purchase property generally, and hence contravene no public policy. They suppose only, that the parish may realize funds diverted from its coffers by the delinquent tax collector, and for that purpose may, if necessary, purchase his property at the sheriff's sale under the execution of the parish. This theory, that assails the capacity of the parish to purchase at the execution sale, would, it is presumed, equally deny that the property if tendered by the debtor in satisfaction of his debt, could be received by the parish.

The view we have expressed of the right of the parish to purchase under its execution, sufficiently obvious, it would seem, finds confirmation in our statutes authorizing bonds of tax collectors and suits by police juries on these bonds. It is difficult to appreciate why the jury, authorized to sue, recover judgment and issue execution' should not have the right to buy at the sheriff's sale when necessary to make that execution effective. State Constitution, Art. 118; R. S., Secs. 3321, 351, 354; 2 H. D., p. 1557, No. 1, *et seq.* It is urged in defendant's brief that the Supreme Court of Minnesota, under a statute authorizing a county to purchase lands for public uses, held that the county can not buy property at an execution sale to satisfy a judgment on an official bond. The statute is restrictive of any capacity to purchase except for public uses. The limitation of such

legislation doubtless, exerted its influence in the Minnesota decision. We have no such statute, and the power of the parish to buy in this case, we think, is implied by the laws defining the functions and powers of police juries.

The defendant and warrantor rely on the defendant's tax title— i. e., the adjudication of the property to the State for the taxes of 1888, the listing of the lands to the Levee Board and the conveyance of the board to defendant.

The parish was owner when that tax adjudication was made. It is in proof no notice was given to the parish of that adjudication as required by the Constitution, and notice under our jurisprudence is essential to divest the title of the owner. Constitution, Art. 210; Bank vs. Lannes, 30 An. 871; Smith vs. City, 43 An. 726; Breaux vs. Negrotto, *Ibid.*, p. 427. There is an allusion in the brief for defendant and warrantor to the prescription of three years. This prescription is of no avail in a case like this, and besides the tax adjudication was in 1889, and this suit was filed in 1891. In the brief of defendant it is said, this suit, petitory in its character, should not have been brought against defendant. The suit to try title is properly directed against defendant asserting title. Again, it is urged by defendant that in this action plaintiff must show title better than any that can be opposed to him. We think plaintiff has met this requirement. We have thus disposed of the defences urged in this court, and as to other points in the answer nothing need be said.

The defendant asks for the affirmance of the judgment in his favor against the warrantor for the price paid by defendant. The warrantor insists only that he should not pay counsel fees. As to the restitution of the price there is no question (Civil Code, Art. 2506), and that is all the judgment against the warrantor awards.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs against the appellants.