DYER *v.* TOWNSHIP OF BURNS.

MUNICIPAL CORPORATIONS—ISSUE OF BONDS TO ERECT TOWN HALL WILL NOT BE ENJOINED ALTHOUGH HALL MAY BE USED FOR OTHER PURPOSES.

> In a suit to enjoin township officers from issuing bonds voted by the taxpayers, on the ground that while said bonds were voted ostensibly for the erection of a town hall, the real purpose of the township officers was to erect a building to be used as a place for public entertainment, the finding of the court below that the township officers proceeded in good faith to erect a building to be used primarily for municipal purposes, although it might be used incidentally for other purposes, *held*, justified by the record.[1]

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted June 13, 1924.    (Docket No. 113.)    Decided October 6, 1924.

[1]Towns, 38 Cyc. p. 658 (1926 Anno).
    228—Mich.—33.

Bill by William D. Dyer and others against the township of Burns and others to enjoin the issuance of certain bonds. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Don W. Van Winkle* (*Clifton G. Dyer*, of counsel), for plaintiffs.

*Mathews & Hicks*, for defendants.

MOORE, J. Some phases of this litigation were before this court in the case of *Kelsey* v. *Township of Burns*, 223 Mich. 173, and a reading of the opinion in that case will make a long statement of facts now unnecessary. The above mentioned opinion was handed down June 4, 1923. October 8, 1923, the electors of the township authorized the issue of bonds to the amount of $5,000 for the purpose as stated in the ballot, "of erecting, furnishing and improving the town hall located on lot 9 of block 16 of the village of Byron." This bill is filed to prevent the issuance of said bonds, the plaintiffs claiming that such bonds should not be issued because the officers of said township did not intend to build a town hall, but a building to be used as a place for public entertainment. The case was heard in open court. There was some contradictory testimony. The trial judge had the advantage of seeing and hearing the witnesses, see *Link* v. *Diamond Crystal Salt Co.*, *ante*, 498, and the cases cited therein.

The trial judge said:

"From the evidence in this case the court is of the opinion that under the authority given to them by the voters of the township, the then officers of said township proceeded in good faith to cause the erection of a building to be used primarily for a municipal purpose, that is to say, a township hall; incidentally it might be used for other purposes, but the motive that dominated them was to provide a township hall to be

used by the public of said township for township purposes."

When the bonds were voted by the electors in October, 1923, the building was inclosed and had been used so that the electors knew for what purpose it was adapted. It would be unfortunate if, after an expenditure of $12,000, which had been voted by the electors and put into the building, the electors might not complete it.

Under the facts found by the trial judge, which we think were properly found, he was justified in dismissing the bill of complaint under the following authorities: *Torrent* v. *Muskegon Common Council,* 47 Mich. 115 (41 Am. Rep. 715) ; *Bell* v. *City of Platteville,* 71 Wis. 139 (36 N. W. 831) ; *City and County of Denver* v. *Hallett,* 34 Colo. 393 (83 Pac. 1066) ; *Bates* v. *Bassett,* 60 Vt. 530 (15 Atl. 200, 1 L. R. A. 166) ; *Clarke* v. *Inhabitants of Brookfield,* 81 Mo. 503 (51 Am. Rep. 243) ; *Wheelock* v. *City of Lowell,* 196 Mass. 220 (81 N. E. 977, 12 Ann. Cas. 1109, 124 Am. St. Rep. 543), and the many cases cited therein.

The decree is affirmed, with costs to the appellees.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.