8 So.2d 569

**McDOWELL, Sheriff, v. STATE.**

**6 Div. 5.**

Supreme Court of Alabama.

June 11, 1942.

Evans Dunn, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

LIVINGSTON, Justice.

Appeal by Holt A. McDowell, as Sheriff of Jefferson County, Alabama, from a decree rendered by the Circuit Court of Jefferson County, Alabama, in equity, in an action instituted by the State of Alabama for a declaratory judgment. Title 7, § 156, Code of 1940.

The cause was submitted upon an agreed statement of facts, from which it appears that on October 31, 1941, the State of Alabama obtained a judgment against Fred J. Bodeker in the Circuit Court of Jefferson County, Alabama, in an action of debt to recover the amount due by Bodeker for privilege license for operating a detective agency in Jefferson County, Alabama. On December 1, 1941, a writ of execution was duly issued by the clerk of the Circuit Court of Jefferson County, directed to appellant as sheriff, in regular form. Pursuant to the mandates of the execution, appellant, as sheriff, levied on certain real estate located in Jefferson County, the property of Bodeker. The property was advertised for sale on the 16th day of February 1942. On that date the property was duly and legally offered for sale, but no bidders appeared, and the sale was continued for one week, or until February 23, 1942. Appellant notified the Attorney General of Alabama, as attorney for the plaintiff in the action against Bodeker, that the sale had been so continued, and requested instructions as to the proper procedure in the event there were no bidders at the sale on February 23d.

On February 23d the property was again duly and legally offered for sale and no bidders appeared, and Hon. J. Edward Thornton, an Assistant Attorney General of the State of Alabama, for and on behalf of the State of Alabama, bid $333.33 for the property, which, it is agreed, was its fair and reasonable market value. The Assistant Attorney General, on behalf of the State, offered to pay all fees and costs, and to credit the judgment against Bodeker with the amount of the bid, namely, $333.-33, and demanded that appellant as sheriff execute to the State of Alabama a deed to the property. Appellant refused to execute the deed. Hence, the bill of complaint seeking a declaratory judgment to determine whether under the foregoing facts appellant must execute a deed to the State of Alabama, and credit the judgment against Bodeker with the amount of the State's bid.

The trial court entered a decree to the effect that appellant, as sheriff of Jefferson County, Alabama, is in duty bound to execute the deed and credit the judgment with the amount of the State's bid, after the payment by the State of all costs and fees incident to the suit and sale.

Two errors are assigned—(1) The trial court erred in holding that the State of Alabama, as a judgment creditor, can purchase property at an execution sale under said judgment. (2) The trial court erred in holding that the Attorney General may purchase property on behalf of the State at an execution sale where the State is judgment creditor.

The question involved is not whether the State may, in general, bid in competition with other bidders for property offered at execution sale, but may the State in order to avoid the loss of the fruits of its own judgment bid at an execution sale had to satisfy the judgment when there are no other bidders?

Section 72, Title 7, Code of 1940, provides: "The state may sue in its own name, and is entitled to all remedies provided for the enforcement of rights between individuals, without giving bond or security or causing affidavit to be made".

■ This Court held in the case of Turner v. State, 226 Ala. 269, 146 So. 601, that the State may maintain a civil action as for debt to recover specific and ascertained license taxes imposed by statute, where the statute does not indicate any exclusive remedy. Clearly, the State has the right to reduce its claims to judgment.

■ Ordinarily, a judgment creditor may become a bidder, and may be accepted as a purchaser at an execution sale. Prevost v. Gratz, 6 Wheat. 481, 513, 5 L.Ed. 311; Martin v. Branch Bank, 15 Ala. 587, 50 Am.Dec. 147; Fabel v. Boykin, 55 Ala. 383, 386; Walker v. Elledge, 65 Ala. 51, 56; 23 Corpus Juris 644, section 605; 21 Amer. Jur. 110, section 215.

In a situation analogous to that here presented, it was held that a city, a subdivision of the state, which had the right to maintain an action in the courts, could bid for and become the purchaser of property offered for sale under execution. Town of Corinth v. Locke, 62 Vt. 411, 416, 20 A. 809, 11 L.R.A. 207. See, also, Evans v. Power Co., 50 Idaho 690, 701, 1 P.2d 614;

Felts v. Bell County, 103 Tex. 616, 132 S.W. 123.

To the same effect is the case of Vankirk v. Clark, 16 Serg. & R., Pa., 286, 290, with reference to a county. The doctrine was followed in the case of Parish of Concordia v. Bertron, 46 La.Ann. 356, 15 So. 60, and in which case the court recognized the distinction between the right of the county to purchase property generally, and the purchase at an execution sale when it was the judgment creditor and there were no other bidders.

■ The power to sue, delegated to the State by section 72, Title 7, Code of 1940, upon familiar principles, carries with it by implication such further incidental powers as are necessary to make the express grant effectual for the purpose for which it was made. Otherwise, by combination not to bid, the fruits of the judgment might be entirely lost. We hold therefore that the State has the right to bid for property sold under execution wherein the State itself is the judgment creditor.

■ The Attorney General is a constitutional officer and a member of the Executive Department of the State government. Constitution 1901, section 112. The statutory authority of the Attorney General is found in sections 228–244, Title 55, Code of 1940. Section 229 provides: "The attorney general is authorized to institute and prosecute, in the name of the state, all suits and other proceedings at law or in equity, necessary to protect the rights and interests of the state."

The authority conferred on the Attorney General by the foregoing statute is not inconsistent with the authority conferred on the Governor by Title 7, section 73, Code of 1940. Montgomery v. Sparks, 225 Ala. 343, 142 So. 769.

■ We can perceive of no good reason why the express statutory authority of the Attorney General to institute and prosecute suits should not carry with it the implied authority to do all things necessary and proper to their final conclusion. His familiarity with the case, and his broad general powers peculiarly fit him for the task of deciding whether the State shall take property for its judgment or lose its fruits for the want of bidders.

The decree of the trial court is in accord with the views here expressed, and is due

to be and is affirmed. The State to pay the costs of this appeal.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.