The STATE OF ALABAMA et al., Plaintiffs,

v.

BLUE BIRD BODY COMPANY, INC., et al., Defendants.

Civ. A. No. 75–23–N.

United States District Court, M. D. Alabama, N. D.

April 21, 1976.

**184**

William J. Baxley, Atty. Gen., George L. Beck, Deputy Atty. Gen., Charles M. Crook, Sp. Asst. Atty. Gen., Montgomery, Ala., E. C. Hornsby, Sp. Asst. Atty. Gen., Tallassee, Ala., Robert S. Vance and James N. Brown, III, Trial Counsel, Vance, Thompson & Brown, Birmingham, Ala., Thomas W. Thagard, Jr., Trial Counsel, Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for plaintiffs.

Sam R. Shannon, Jr., Birmingham, Ala., for Duncan Mfg. & Equipment Co., Inc., Carpenter Bus Sales of Ala.

Broox G. Garrett, Brooks, Garrett & Thompson, Brewton, Ala., for Everett Equipment Co., Inc.

Steiner, Crum & Baker, Montgomery, Ala., Stephen W. Terry, Jr., Baker & Daniels, Indianapolis, Ind., for Thomas Built Buses, Inc.

Robert A. Huffaker and Wm. B. Moore, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., and Bruce L. Smith, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, for Sheller-Globe Corp. and Superior Coach Corp.

Joseph C. Espy, III, Montgomery, Ala., Harry T. Ice and James E. Hawes, Jr., Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for Carpenter Body Works, Inc.

William I. Hill, II, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., and Trammell E. Vickery and Kent E. Mast, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Wayne Corp.

James R. Shaw, Bessemer, Ala., Huie, Fernambucq, Stewart & Smith, Birmingham, Ala., for Waits Sales & Equipment Co., Inc.

Albert P. Brewer, Robison, Belser, Brewer & Phelps, Montgomery, Ala., for Phillips Supply Co.

Joel F. Dubina and D. Coleman Yarbrough, Jones, Murray, Stewart & Yarbrough, Montgomery, Ala., and Robert E. Jensen, Williams & Jensen, Washington, D. C., for Ward School Bus Mfg., Inc.

E. Smythe Gambrell, Edward W. Killorin, Thomas W. Rhodes, David M. Brown, Gambrell, Russell, Killorin, Wade & Forbes, Atlanta, Ga., and John R. Matthews, Jr., Ball, Ball, Matthews & Lamar, Montgomery, Ala., for Blue Bird Body Co., Eddins Bus Sales, Inc., Blue Bird Mid-South, Inc.

## ORDER

VARNER, District Judge.

The instant action seeks treble damages for alleged violations of the federal antitrust laws perpetrated by Defendant Distributors and Manufacturers of school bus bodies in connection with the sale of these products. There are three named Plaintiffs: (1) the State of Alabama, upon the relation of its Attorney General; (2) the Perry County, Alabama, Board of Education; and (3) Dr. Leroy Brown, Superintendent of Education of the State of Alabama. All Plaintiffs also seek to represent a purported class consisting of certain governmental entities both within and outside of the State of Alabama.

In argument, Defendants have carefully and properly emphasized that the question here presented is not one of the propriety of a class action in this cause. The latter question, one facet of which concerns the adequacy of proposed representation and another the manageability of the proposed class, is, of course, one solely of federal law governed by Rule 23, Federal Rules of Civil Procedure, which is to be resolved at an early date as provided in the Rule.

The instant motion for partial summary judgment, however, presents an entirely different question, namely that of Plaintiffs' authority under State law to bring suits of this type and to bring them as class actions.

It seems to the Court that no doubt can exist as to the standing of the State of Alabama, upon the relation of its Attorney General, to bring this suit to recover the direct damages allegedly sustained by it as a result of Defendants' practices. It is alleged in Paragraph 24 of the complaint herein that the State of Alabama has purchased substantial quantities of the school

bus bodies involved in this action and has therein been damaged as a result of Defendants' violations of antitrust laws. It appears to this Court that this claim falls within the compass of Code of Alabama, Title 55, § 229:

> The attorney general is authorized to institute and prosecute, in the name of the state, all suits and other proceedings at law or in equity, necessary to protect the rights and interests of the state."

The United States Court of Appeals for the Fifth Circuit recently found little difficulty, even when faced with constitutional and statutory provisions considerably less favorable to plaintiff than § 229 as set forth above, in finding that the Attorney General of the State of Florida has authority to bring such an action as this, to redress direct damages to the State. In so holding, the Court of Appeals noted that "actions by attorneys general on behalf of states under the federal antitrust laws are by no means a novel phenomenon," citing, *inter alia, Hawaii v. Standard Oil of California*, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972). *Florida ex rel Shevin v. Exxon Corp.*, 526 F.2d 266, 272 (5th Cir. 1976).

■ Defendants further argue that, in any case, the Attorney General has not been empowered by State law to bring class actions, particularly on behalf of classes comprised of persons or entities not within the State of Alabama, pointing to what they believe to be the misuse of public monies for the vindication of the rights of persons or bodies alien to the State. In the opinion of the Court this argument misconceives the reasons for which a plaintiff may wish to represent a class and would, if accepted, be a startling and unwise intrusion into the authority of the Attorney General. The Court endorses the opinion of the United States District Court for the Southern District of Iowa that:

> "[I]n representing the class in a suit such as this, the representative parties act principally in furtherance of their own claim." *State of Iowa v. Union Asphalt*

*& Roadoils*, 281 F.Supp. 391 (SD Iowa, 1968) affm'd. 409 F.2d 1239.

The decision to join a class action allegation to a complaint is one made by a plaintiff and his counsel in the judgment that such treatment will advance the material interests of the named plaintiff. The posture of the question now before the Court underscores this fact. The Attorney General, on behalf of the State,[1] accepts responsibility for the expenses of such a suit.

In a decision involving the power of the Alabama Attorney General to settle a case on behalf of the State of Alabama (a decision recently cited by the United States Court of Appeals for the Fifth Circuit, *Florida ex rel Shevin*, supra, at p. 274), the Supreme Court of Alabama gave its approval to the following general statements of the power of the Attorney General:

> "The following provisions in the Code imposing various duties and conferring various powers on the attorney general are persuasive to this view: Code 1940, Title 55, §§ 228, 229, 234, 235, 236, 240, 244. We take particular notice of § 244, which in effect provides that all litigation concerning the interest of the state or any department thereof shall be under the direction and control of the attorney general. Taking into consideration the scope of authority and duty imposed on him by these statutes, we do not think they were intended to mark the limits or bounds of his authority, but to indicate certain specific duties and confer certain definite authority in the instances mentioned. Indeed, we intimated as much in *McDowell v. State*, 243 Ala. 87, 89, 8 So.2d 569, 570, where it was observed:
>
> > 'We can perceive of no good reason why the express statutory authority of the Attorney General to institute and prosecute suits should not carry with it the *implied authority to do all things necessary and proper to their final conclusion.* * * *'* (emphasis added)
>
> "The stronger current of opinion affirms that the attorney general's powers are as

---

1. Advanced costs of such a suit, wherein each member of a large class of plaintiffs must be served, will of necessity be large. Federal Rules of Civil Procedure, Rule 23(b)3 and (c)2.

broad as the common law unless restricted or modified by statute. Of the authority generally of the attorney general to control litigation instituted by him in behalf of the state, it is said in 6 Corpus Juris 814, 815, § 22:

> 'In the absence of explicit legislative expression to the contrary, *the attorney-general* [sic] *possesses entire dominion over every suit instituted by him in his official capacity* whether there is a relator or not. As an incident of such control, the attorney-general [sic] has power to dismiss or to discontinue suits brought by him, either with or without a stipulation by the other party, and to make any disposition of such suits that he deems best for the interest of the state. * * * ' (emphasis added)

"See also 7 C.J.S. Attorney General § 8d, p. 1230.

"We also observe an interesting text to like effect in 5 American Jurisprudence, 240, § 11:

> 'Ordinarily the attorney general, both under the common law and by statute, is empowered to make any disposition of the state's litigation which he deems for its best interest. His *power effectively to control litigation* involves the power to discontinue if and when, in his opinion, this should be done. Generally, therefore, the attorney general has authority to direct the dismissal of proceedings instituted in behalf of the state. * * * ' (emphasis added)

"Our own decisions, as well as the better reasoned authority elsewhere, support these general texts. (citations omitted)." *State v. Jones*, 252 Ala. 479, 41 So.2d 280, 284 (1949).

It is the opinion of this Court that the above statements of the Supreme Court of Alabama as to the scope of the Attorney General's control over litigation are applicable to the power of the Attorney General to bring a suit as a class action when in his judgment such an action would benefit the State. Sharply increased use of class actions is, of course, a modern development. No Alabama statute or case has been cited to the Court, however, which suggests that the powers of the Attorney General of this State are so circumscribed that he must receive specific statutory authority to take advantage of such a procedural innovation. In the absence of a statutory prohibition of such actions by the Attorney General, it would be an unwarranted intrusion upon the right of the Attorney General to control the State's litigation for this Court to substitute its judgment for his as to the desirability to the Plaintiff State of the class-action device. Although the Plaintiff class must, of course, meet the requirements of Rule 23, Federal Rules of Civil Procedure, the Court finds that State law impliedly authorizes such a suit by the Attorney General of Alabama.

▉▉▉ The Court finds it unnecessary to search for any particular statutory authority which would permit the Attorney General to represent subordinate governmental entities of the State of Alabama, since in this action the Attorney General is representing such entities not directly but rather in his capacity as class representative. Such bodies will, of course, be allowed to remove themselves from such class as may be certified pursuant to Rule 23.[2]

▉ Plaintiff, Perry County Board of Education, is also alleged to have been directly injured in its purchases of school bus bodies. It is authorized to sue in its own behalf for a direct monetary injury by Code of Alabama, Title 52, § 99. There is no question that the Board has standing to sue. Defendants' contention that it cannot act as a class representative is sufficiently answered by the discussion set forth above relative to the power of the Attorney General in this regard. Although a detailed judicial discussion of the scope of the litigative power conferred on such Boards has not been found, this Court is unwilling to require

**2.** The Court notes that the reported opinion in *Florida ex rel Shevin*, supra, shows that the Court of Appeals found it unnecessary to decide this same point, where the State itself was found to have standing. 526 F.2d at 273.

specific statutory authorization for the use by a public body of a procedural innovation which, absent bad faith, is resorted to in the interest of such body in its capacity as individual Plaintiff. At this stage, only the Plaintiffs and their counsel may make the intricate decisions associated with willingness to accept responsibility for costs in consideration for the benefits of a class action.

Plaintiff Board has stated to the Court that it is represented here by its own counsel, who has duly appeared herein. Even if it were represented individually by the Attorney General of Alabama, no justiciable question would be presented as to the propriety of such representation in the absence of an actual controversy.

■ Plaintiff, Dr. Leroy Brown, is the duly elected Superintendent of Education of the State of Alabama. He sues in his official capacity as the State Officer perhaps most directly concerned with the price of school bus bodies. It is the opinion of the Court that he is a proper party within the meaning of Rule 19, Federal Rules of Civil Procedure, as he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may, as a practical matter, impair his ability to protect that interest. His power to act as a class representative is sufficiently established by the above discussion.

In accordance with the foregoing, it is the opinion of the Court that all named Plaintiffs have authority and standing to bring this action. Therefore, it is

ORDERED by this Court that said motion for partial summary judgment be, and the same is hereby, denied.