(70 App. Div. 306.)

### TURNER v. WALKER.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

SPECIFIC PERFORMANCE—VENUE.

> Under Code Civ. Proc. § 982, requiring that actions "to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien, or other interest in real property," be tried in the county in which the subject of the action, or some part thereof, is situated, an action by a vendor of land to compel his vendee to accept the deed thereof, and to pay the agreed price therefor, must be brought in the county where the land lies.

Appeal from Franklin county court.

Specific performance by Charles H. Turner against Thomas S. Walker. From an order denying his motion for change of venue, defendant appeals. Reversed.

The complaint avers that a written contract for the sale and purchase of land in Hamilton county (describing it) was entered into between the parties at the agreed price of $10 per acre, the total amount of the purchase to be ascertained by a survey of the land, and a determination thereby of the number of acres covered by the contract; that such survey was made, the number of acres found to be 2,481.72, and the whole amount of the purchase price thereby fixed at $24,817.20; that the plaintiff executed a good and sufficient deed of this land, and tendered the same to the defendant; that defendant refused to accept it, and refused to pay the purchase price. The complaint thereupon prays for a judgment requiring the defendant to perform the agreement, and pay the purchase price to the plaintiff. The answer denies, among other things, the making of the contract, and sets up various other matters by way of defense. With the answer the defendant served a demand that the place of trial be changed from Franklin to Hamilton county. This demand being disregarded, the defendant moved, upon the pleadings and upon an affidavit showing service of the demand, for an order changing the place of trial to Hamilton county, upon the ground that the action related to lands situate in that county, and is therefore local in character. The motion was denied at special term, and from the order denying it this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH,. CHASE, and FURSMAN, JJ.

A. Walker Otis, for appellant.

F. G. Paddock, for respondent.

FURSMAN, J.　Section 982 of the Code of Civil Procedure provides that certain actions "must be tried in the county in which the subject of the action, or some part thereof, is situated." Enumerated among these are actions "to procure a judgment establishing, determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien, or other interest in real property." The scope and object of this action is to compel the defendant to accept a deed of land, and to pay the alleged agreed price therefor. It is not an action for damages for a breach of contract, but to enforce performance of a contract relating to lands,—to compel the acceptance of a title to lands. It is in no sense an action for damages. It is simply an action to compel a specific performance of a contract relating to the sale and transfer of title to real property. If the action had been brought by the defendant against the plaintiff to compel the execution and delivery of a deed, there can, of course, be no. doubt that the action would be local, because section 982 expressly. declares that such an action must be brought in the county where the subject-matter of the action is situated. In what way does such an action differ from one to compel the acceptance of a deed? We think the subsequent clause of the section above quoted was intended to embrace actions of this character, and, indeed, all actions affecting the transfer of title to real property not therein before enumerated. The action, as above indicated, is not alone to recover the purchase price,—certainly not to recover damages for a breach of contract,— but to compel the defendant to take title to the land described in the complaint, as well as to pay the purchase price therefor. We think, therefore, that the action is governed by section 982, and must be tried in Hamilton county, or, according to the provisions of the Code, in Fulton county; Fulton and Hamilton counties being regarded as one. Code, § 232.

The order must be reversed, with $10 costs and disbursements, and the motion granted. All concur.