FRANK P. SMITH, Appellant, *v.* ORLO C. VAN VEGHTEN and LOUISE E. VAN VEGHTEN, Respondents.

Third Department, November 13, 1918.

**Trial — place of trial — action involving lands of vendor in one county and of vendee in another county.**

Where the complaint alleges that the plaintiff is the owner of lands in Saratoga county; that the defendant is the owner of lands in Rensselaer county; that the said defendant and the plaintiff made an agreement for the exchange of their lands; that thereafter the said defendant repudiated the agreement and fraudulently conveyed the lands owned by him to his wife, a defendant, who had full knowledge of the agreement, and the plaintiff demands judgment for a conveyance to him by the defendants of the lands in the county of Rensselaer, the action involves as subjects thereof both the lands of the vendor in Saratoga county and the lands of the vendee in Rensselaer county, and, therefore, the action is triable in either county, and the venue was properly laid in the former county.

APPEAL by the plaintiff, Frank P. Smith, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Saratoga on the 21st day of May, 1918, changing the place of trial from the county of Saratoga to the county of Rensselaer.

*Robert W. Fisher*, for the appellant.

*Thomas F. Galvin*, for the respondents.

H. T. KELLOGG, J.:

This is an appeal from an order changing the place of trial from the county of Saratoga to the county of Rensselaer. The complaint alleges that the plaintiff is the owner of lands in Saratoga county; that the defendant Orlo C. Van Veghten was the owner of lands in Rensselaer county; that the said defendant and the plaintiff made an agreement for the exchange of their lands; that thereafter the said defendant repudiated the agreement and fraudulently conveyed the lands owned by him to his wife, the defendant Louise E. Van Veghten, who had full knowledge of the agreement. The plaintiff demands judgment for a conveyance to him by these defendants of the lands in the county of Rensselaer. It is provided in section 982 of the Code of Civil Procedure as follows:

" Each of the following actions must be tried in the county, in which the subject of the action, or some part thereof, is situated: an action of ejectment;  *  *  *  or to procure a judgment, directing a conveyance of real property; and every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest, in real property, or a chattel real." In *Turner* v. *Walker* (70 App. Div. 306) it was held, in an action in which a vendor of land sought specific performance of his contract, that the land of the vendor was the subject of the action, that the action was one specified in section 982 of the Code of Civil Procedure, and was triable in the county where the lands of the plaintiff were situated. That case clearly overruled the holding in *Kearr* v. *Bartlett* (47 Hun, 245). The action under consideration, therefore, involves as subjects of the action both the lands of the vendor in Saratoga county and the lands of the vendee in Rensselaer county, and so, therefore, is triable in either county. The venue of the action, therefore, was properly laid in Saratoga county.

The order should be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.