## REZNIK v. McGOWIN.

### 6 Div. 8.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 22, 1933.

Rosenthal & Rosenthal and W. A. Denson, all of Birmingham, for appellant.

Calvin Poole and Powell & Hamilton, all of Greenville, for appellee.

BOULDIN, Justice.

The sole question presented on appeal is the proper venue of a bill in equity for the specific performance of an executory contract to convey real estate, which includes an exchange of lands located in different counties.

Complainant, so the bill avers, entered into an executory contract in writing with respondent by which complainant sold real estate in Birmingham, Jefferson county, to respondent, a resident of Butler county, at an agreed price, payable in part cash, part by assuming an outstanding mortgage on the lands, part by the assignment of certain securities held by respondent, and in part by a conveyance of certain real estate in Butler county at a stipulated price. Each party was to furnish an abstract of title, which titles were to be good and merchantable. The bill was filed in Jefferson county, alleging compliance with his obligations touching an abstract, that he is ready, able, and willing to perform, that defendant has failed and refused, etc.

Complainant submits himself to the jurisdiction of the court, offers to do equity, and prays for specific performance as to the several obligations of respondent, among them "(c) that respondent be compelled to convey the land, described in paragraph seven of this bill, in fee simple to complainant," meaning the Butler county land.

The venue of suits in equity is governed by Code, § 6524, saying: "The bill must be filed in the county in which the defendants, or a material defendant, resides; * * * or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated."

We deem it unimportant whether the bill, in so far as it relates to real estate, be treated as a bill by a vendor of lands to enforce specific performance of an executory contract against the vendee, or as a bill for specific performance of a contract for the exchange of real estate.

The subject-matter of the suit includes both tracts. True, the complainant seeks to acquire title and possession of the lands in Butler county only; but specific performance, in the nature of it, requires an adjudication touching the Jefferson county land also. The court must adjudicate: First, the existence of the contract touching the two tracts of land as averred; second, compliance by complainant with the terms of the contract made conditions precedent to his right to demand the respondent's acceptance of the lands in Jefferson county; third, an adjudication of the state of the title, the ability of complainant to convey a good and merchantable title to the Jefferson county lands; and, finally, make decretal orders for the contemporaneous passing of title and possession of both tracts. It is by no means a suit to recover the Butler county lands, but to ascertain and decree an exchange of lands, the passing of title to the Jefferson county lands as well as of the Butler county lands.

Whether in the future progress of the suit any essential allegation of the bill be admitted or litigated, is not of consequence. The adjudication must be made, whether based on admitted or litigated facts.

In short, both pieces of land are as surely parts of the subject-matter of this suit, as they would have been the subject-matter of the transaction had the parties voluntarily performed. 48th Street Inv. Co. v. Fairfield-American Nat. Bank, 223 Ala. 44, 134 So. 803; Smith v. Van Veghten, 184 App. Div. 813, 172 N. Y. S. 697; Fairchild v. Union Ferry Co., 117 Misc. 470, 192 N. Y. S. 550.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.