51 So.2d 255

**FAULK v. FAULK.**

1 Div. 405.

Supreme Court of Alabama.

March 1, 1951.

Vickers & Thornton, of Mobile, for appellant.

Douglas Stanard, of Mobile, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Mobile County, Alabama, overruling demurrers to a bill of complaint.

238

The bill alleges that the complainant is a resident of Mobile County and that the defendant is a resident of Montgomery County; that the plaintiff and the defendant have two children, ages sixteen and nineteen, who are in the custody of the complainant. That complainant and respondent were divorced by the Circuit Court, in Equity, of Pike County, Alabama, in March 1936; that the decree of divorce made no mention of the fact that there were children of the parties, to whom their custody was awarded, nor was any provision made for the court to retain jurisdiction of the cause. The bill further alleged that the children need support and that respondent is able to furnish it.

Demurrers raise the point that the wrong venue was invoked, and that there is no equity in the bill.

■ Our cases are clearly to the effect that improper venue, apparent on the face of the bill, renders it demurrable. Lewis v. Elrod, 38 Ala. 17; Ashurst v. Gibson, 57 Ala. 584; Prickett v. Prickett, 147 Ala. 494, 42 So. 408; Tigrett v. Taylor, 180 Ala. 296, 60 So. 858; Hammons v. Hammons, 228 Ala. 264, 153 So. 210; Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338. In Hammons v. Hammons, supra, it was held that the theory of a demurrer is that it is an entity. The grounds are but particular reasons why the demurrer should be sustained. It should be sustained if any ground shows a good reason for doing so; and on appeal such a decree should be affirmed if any ground is well taken, though that on which the court bases its ruling may not be a good ground in the opinion of the appellate court. When a bill shows on its face that it is filed in the wrong district and a demurrer to it assigns that ground, though it also assigns other grounds, this Court has held that it should be sustained regardless of other grounds. Hammons v. Hammons, supra; Lewis v. Elrod, 38 Ala. 17; Ashurst v. Gibson, 57 Ala. 584; Tigrett v. Taylor, 180 Ala. 296, 60 So. 858.

We have here an original suit filed in equity for the maintenance and support of minor children in a county other than the county of the residence of the respondent.

The venue of original suits in equity is fixed by section 294, Title 7, Code of 1940, which provides: "The bill must be filed in the county in which the defendant, or a material defendant, resides; and if to enjoin proceedings on judgments in other courts, it may be filed in the county in which such proceedings are pending, or judgment rendered; and in case of nonresidents, in the county where the subject of the suit or any portion of the same, is when the cause of action arose, or the act on which the suit is founded was to be performed; or if real estate be the subject matter of the suit, whether it be the exclusive subject matter of the suit or not, then in the county where the same, or a material portion thereof is situated."

■ The domicile of the father is the domicile of the infant child and cannot be changed without the consent of the father and the court. Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338.

■■ This suit cannot be maintained in Mobile County over the timely objections of the respondent father. Ex parte Hale, 246 Ala. 40, 18 So.2d 693. His assigning other grounds of demurrer with that pointing out improper venue does not waive the improper venue ground.

Reversed and remanded.

FOSTER, SIMPSON, and STAKELY, JJ., concur.