88 So.2d 696

**STATE of Alabama**

v.

**J. W. STACKS et al.**

**3 Div. 754.**

Supreme Court of Alabama.

June 21, 1956.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Walter J. Knabe, and Herman H. Hamilton, Jr., Montgomery, for appellees.

MERRILL, Justice.

The bill of complaint in this case was filed in the name of the State of Alabama by the Attorney General under the provisions of Act No. 351, General Acts of Alabama, 1947, page 231 (presently in the pocket part as Title 55, § 170(19), Code of Alabama, 1940), against the appellees, J. W. Stacks and United States Fidelity and Guaranty Company of Baltimore, Maryland. The State sought to recover public funds alleged to have been embezzled by the appellee Stacks during his employment by the State as an account clerk at Atmore State Prison. The bill was filed in the Circuit Court of Montgomery County, in Equity, and alleged that the appellee Stacks is a resident of Jefferson County and appellee United States Fidelity and Guaranty Company is a foreign corporation authorized to do business in this State maintaining an office in the City of Birmingham, Alabama. Appellees filed a plea in abatement alleging that it affirmatively appeared from the bill of complaint that both respondents are non-residents of Montgomery County, that both are material defendants within the meaning of Title 7, § 294, Code 1940 and therefore, the circuit court of Montgomery County "is without jurisdiction to try and determine this cause." From a final decree in which the court sustained the plea in abatement, dismissed the action and taxed the costs against the State, this appeal is prosecuted. The decree of the lower court was final in that the dismissal of the cause was followed by a judgment against the complainant for the cost and as such will support an appeal. Ex parte Adams, 216 Ala. 241, 113 So. 235.

■ If the averments of the bill show that it is filed in the wrong venue, a demurrer to it on that ground is the proper

practice. Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Faulk v. Faulk, 255 Ala. 237, 51 So.2d 255; Wilder v. Crook, 250 Ala. 424, 34 So.2d 832; Hammons v. Hammons, 228 Ala. 264, 153 So. 210; Tigrett v. Taylor, 180 Ala. 296, 60 So. 858.

■ The sustaining of the sufficiency of a plea in abatement in equity is not sufficient ground for a court to dismiss a bill of complaint. Dorrough v. McKee, post, p. 663, 89 So.2d 77; Badham v. Badham, 244 Ala. 622, 14 So.2d 730; Templeton v. Scruggs, 234 Ala. 146, 174 So. 237.

■ In the instant case, even though the plea in abatement should have been sustained, theoretically and for aught that appears from the record, the bill could have been amended to show that the suit was instituted at the direction of the Governor and thereby meet the objections interposed by respondents. For that reason the judgment of the lower court must be reversed. Dorrough v. McKee, supra.

However, both parties argued the case on the merits in the circuit court as they do here, and the propriety of the plea in abatement was not questioned there, nor here in briefs. Since the cause must be reversed, and the question would be identical had it come to us on an appeal from an interlocutory decree sustaining a demurrer to the bill which raised the same question of venue, we do express our views for the guidance of the circuit court in the further proceedings to be had in the cause.

The single question argued before the circuit court and here is whether the State, by its Attorney General, may maintain a suit in Montgomery County against respondents, not residents of Montgomery County, for the recovery of public funds alleged to have been wrongfully used.

The appellant cites as authority for the contention that such a suit may be maintained, Title 7, § 74, Code of Alabama, 1940, which provides:

"In the event any public officer or any agent of the state, or any deposi-tary or custodian of the public funds or moneys, has wrongfully used such funds or moneys, suits for the recovery thereof may be instituted at law or in equity, before any court having jurisdiction of the subject-matter; and it shall not be ground of objection to such suit that either, or any, or all the parties defendant do not reside within the county, or within the district in which such suit is instituted."

Appellees contend, on the other hand, that section 74, supra, must be read in conjunction with the preceding sections 72 and 73 and that suits under these three sections can be brought only in the name of the state on written direction of the governor, and, since the bill fails to allege that such written direction was given in the instant case, section 74 cannot be applied; that Title 7, § 294, which provides that bills in equity "must be filed in the county in which the defendant, or a material defendant, resides" does apply.

Our attention has not been directed to, nor does our research disclose the existence of a case wherein this court has answered directly this question with respect to section 74, supra. In the case of Montgomery v. Sparks, 225 Ala. 343, 142 So. 769, 770, it was stated:

"The appellant does not question the fact that this proceeding was instituted under the authority of the Attorney General, but does question the authority of the Attorney General, in the absence of specific directions from the Governor under sections 5644 and 5647 of the Code of 1923. True, these sections authorize the Governor to cause suits to be brought for the recovery of public funds, but section 854 of the Code of 1923 authorizes the Attorney General to institute and prosecute all suits in law or equity necessary for the protection of the rights and interest of the state. There is no conflict in these provisions, as the Attorney General can act independently under section 854, but must do so when directed by the

Governor under sections 5644 and 5647."

It should be noted that sections 5644 and 5647 of the 1923 Code therein referred to are presently sections 72 and 73 of Title 7, Code of 1940. Section 74 (then section 5648) was not mentioned, although it appears in the report of the case that in appellee's brief it was contended the Attorney General could maintain an action under section 74 (5648) without written authority of the Governor.

In the case of McDowell v. State, 243 Ala. 87, 8 So.2d 569, 570, this court wrote:

"The Attorney General is a constitutional officer and a member of the Executive Department of the State government. Constitution 1901, section 112. The statutory authority of the Attorney General is found in sections 228–244, Title 55, Code of 1940. Section 229 provides: 'The attorney general is authorized to institute and prosecute, in the name of the state, all suits and other proceedings at law or in equity, necessary to protect the rights and interests of the state.'

"The authority conferred on the Attorney General by the foregoing statute is not inconsistent with the authority conferred on the Governor by Title 7, section 73, Code of 1940. Montgomery v. Sparks, 225 Ala. 343, 142 So. 769."

In State, for Use and Benefit of Morgan County v. Norwood, 248 Ala. 128, 26 So.2d 577, 579, it was said:

"In the case at bar the attorney general is proceeding upon the direction of the governor under Code 1940, Tit. 7, § 73. In Montgomery, Supt. of Banks, v. Sparks, 225 Ala. 343, 142 So. 769, the holding was to the effect that though the statute authorized the governor to cause suits to be brought for the recovery of public funds, this did not conflict with the statute authorizing the attorney general to institute suits for the protection of the state.

Code 1940, Tit. 55, § 169; Code 1923, §§ 854, 5644, 5647; Code 1940, Tit. 55, § 229; Tit. 7, § 72, 73. The court said that the attorney general could act independently in the one case but could act only upon direction of the governor in the other."

We disagree with the last sentence quoted from the Norwood case, supra. The word "only" should not have been included in the sentence. As we understand the Sparks case, it held [225 Ala. 343, 142 So. 770] that "the Attorney General can act independently under section 854 [Title 55, Sec. 229], but must do so when directed by the Governor under sections 5644 and 5647 [Title 7, Secs. 72 and 73]."

Sections 73–80, Title 7, Code of 1940, are substantially the same as sections 72–79 of the Code of 1886. The progenitor of these Code sections is Act No. 90, Acts of Alabama, 1882–83, page 161. There is no question but that the legislative intent, as expressed in the original act, was to authorize the *Governor* to bring suits to recover public money illegally used by any public officer, agent, depository or custodian, and to make this remedy cumulative. The Attorney General was not mentioned in the act. But when this act was codified into the Code of 1886, we find that the governor *may* cause suits to be instituted to recover public money or property lost by neglect or wrongfully expended by *any public officer,* Sec. 73, Title 7. Section 74 provides for suits by the state for the recovery of any wrongfully used public funds by any public officer, *agent, depository* or *custodian,* and the attorney general is mentioned in Section 76. After a careful comparison of the original enactment with the sections as codified since 1886, we think that the legislature manifested a clear intention to change the operation and effect of the original act.

In Bradford v. State, 201 Ala. 170, 77 So. 696, the bill admittedly was brought under Section 2444, now Sec. 74, Title 7. We have examined the original record and the bill is silent as to any authority of the

514

Attorney General, who filed the bill in the name of the State. True, the question of his authority was not there raised, but the court did decide that the article of the Code, now Article 1 of Chapter 4, sections 72–80, "is express authority" for the bringing of the suit.

We are therefore constrained to hold that the Attorney General must file the suits in question under Sections 72 and 73 when directed by the Governor to do so, but that he may act independently under section 73 et seq. because these must be construed in connection with Title 55, Sec. 229. Certainly any attorney other than the Attorney General, chosen by the Governor to institute suits in behalf of the state, could only do so at the written direction of the Governor as provided for in Section 72.

The decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.