127 So.2d 632

**COOPER TRANSFER COMPANY, Inc.**

v.

**ALABAMA PUBLIC SERVICE COMMISSION.**

I Div. 761.

Supreme Court of Alabama.

March 2, 1961.

D. H. Markstein, Jr., Markstein & Cooper, Birmingham, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for appellee.

COLEMAN, Justice.

This is an appeal from a decree of the Circuit Court of Mobile County, in Equity, overruling a demurrer to a bill of complaint.

The complainant, Alabama Public Service Commission, alleges in the bill that respondent is an Alabama corporation operating as a common carrier by motor vehicle; that respondent's principal place of business is Brewton, which we judicially know is in Escambia County, Hall v. State, 213 Ala. 325, 104 So. 826; that respondent holds a certificate authorizing it to operate, inter alia, "Between Brewton and points within a radius of 150 miles of Brewton, over irregular routes, No Service to Points Located on Alabama Highway 5, or Points West of Alabama Highway 5"; "That lying adjacent to Alabama Highway No. 5, on the east thereof, approximately twenty miles north of Mobile, Alabama, in Mobile County, is a manufacturing plant known as Courtaulds, Inc. The real property of Courtaulds, Inc., extends from the east boundary line of said Highway No. 5 eastward to the Alabama River, and running north and south approximately through the center of said property and paralleling said Highway No. 5 is the right of way of the Southern Railway Company. The plant proper of Courtaulds, Inc., is located east of the said Southern Railway right of way and other structures and buildings are located on both sides of said railroad right of way. The only access to Courtaulds, Inc., except by rail, is a county road, which runs directly from said Highway No. 5 in an easterly direction across the said Southern Railway right of way to the physical plant of the said manufacturing Company. The said county road originates at the east boundary line of Highway No. 5 and terminates on the said property of Courtaulds, Inc."; that respondent is handling shipments to and from said plant of Courtaulds, Inc., "whose manufacturing plant and other facilities are located on its property, which is located on, contiguous and adjacent to Alabama Highway No. 5"; that respondent's certificate does not authorize it to serve Courtaulds as aforesaid; that complainant had notified respondent by letter that respondent was not authorized to serve Courtaulds, and had directed respondent to cease handling shipments to and from Courtaulds; that

respondent's attorney had replied by letter advising complainant that respondent refused to cease as directed because it believed it had authority to serve Courtaulds and offering to file bill for declaratory judgment to determine respondent's authority.

The prayer is for a permanent injunction enjoining respondent from transporting goods to and from Courtaulds at the location hereinabove described and for general relief.

Respondent argues two grounds of demurrer, to wit, first, that the averments of the bill show that the venue is improperly laid in Mobile County, and, second, that the bill fails to show that respondent, in serving Courtaulds, is exceeding its authority under its certificate.

## Venue.

If the averments of the bill show that it is filed in the wrong venue, a demurrer to it on that ground is the proper practice. State v. Stacks, 264 Ala. 510, 88 So. 2d 696; Faulk v. Faulk, 255 Ala. 237, 51 So.2d 255, 256. We are of opinion, however, that the averments of the instant bill do not show that it is improperly filed in Mobile County and that the grounds of demurrer challenging the venue are not well taken.

The venue of original suits in equity is fixed by § 294, Title 7, Code 1940, which provides in pertinent part "The bill must be filed in the county in which the defendant, or a material defendant, resides; * * *." Faulk v. Faulk, supra. In considering venue of a suit for divorce, however, this court said: "Both the jurisdiction and the venue of a suit for divorce are determined in this state by section 3801 of the Code (of 1907, now § 28, Title 34, Code 1940), and not by either section 3093 (of Code of 1907, now § 294, Title 7, Code 1940) or 6110 (of Code of 1907, now § 54, Title 7, Code 1940), for this last section expressly provides that it applies in those cases only in which the venue is not other-

wise provided. While section 3093 (§ 294, Title 7, Code 1940) does not expressly so provide, yet it is certain that *it would not control as against a statute which expressly provides the particular jurisdiction and venue as for a specific class of actions,* as is done in the case of divorce proceedings. * * *." (Par. and Emphasis supplied.) Puckett v. Puckett, 174 Ala. 315, 320, 56 So. 585, 586. Special provisions relating to specific subjects control general provisions relating to general subjects. Herring v. Griffin, 211 Ala. 225, 100 So. 202; Geter v. United States Steel Corporation, 264 Ala. 94, 84 So.2d 770.

■ There is a statute which expressly provides the venue for the specific class to which the instant suit belongs. Act No. 669, approved July 5, 1940, in pertinent part recites:

"* * *. B. If any motor carrier or broker operates in violation of any provision of this article (except as to the reasonableness of rates, fares, or charges and discriminatory character thereof), or any rule, regulation or requirement, or order thereunder, or of any term or condition of any certificate of permit, the commission or its duly authorized agency may apply to the circuit court of the State of Alabama for any county where such motor carrier or broker operates, for the enforcement of such provision of this article, or of such rule, regulation, requirement, order, term or condition; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or by other process, mandatory or otherwise, restraining such carrier or broker, his or its officers, agents, employees, and representatives from further violation of such provision of this article or of such rule, regulation, requirement, order, term, or condition and enjoining upon it or them obedience thereto. * * *." General Acts of Alabama 1939, at pp. 1084, 1085; 1958 Reprint, 1940 Code, Title 48, § 301(23).

We repeat the applicable language, to wit:

"* * *. B. If any motor carrier * * * operates in violation * * * of any term or condition of any certificate of permit, the commission * * * may apply to the circuit court * * * for any county where such motor carrier * * * operates, for the enforcement of such * * * term or condition; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction * * * restraining such carrier * * * from further violation of such * * * term, or condition and enjoining upon it or them obedience thereto. * * *."

The special statutory provision here controls the general provision and the venue is properly laid in Mobile County because this is a suit to enforce a condition of respondent's certificate and respondent operates in Mobile County.

Respondent argues that the Act of 1940, supra, does not apply because this is a suit to enforce an order of the Public Service Commission and the bill fails to show any such order. We are inclined to agree that the bill fails to show an order, but the 1940 Act does not limit the Commission's authority to the point that it can apply for injunction only to enforce an order. The language of the statute gives authority to apply to enjoin violation of the condition of a certificate, and that is what the Commission has applied for here.

### Equity of the bill.

If the Commission be entitled to enjoin the violation of the certificate, the bill must show that the act sought to be enjoined is, in fact, such a violation.

The bill clearly alleges that the plant of Courtaulds, Inc. is east of Highway 5. The certificate does not prohibit service to a point east of the highway unless such point is "located *on*" the highway.

■■ Looking to the facts averred in the instant bill, and construing the aver-

ments against the pleader as we must on demurrer, we are of opinion that the facts averred do not, as a matter of law, clearly and unequivocally show that the point to which respondent makes the deliveries sought to be enjoined is located on the highway within the meaning of the word, on, as used in respondent's certificate.

The bill avers that the "only access" to the plant, "except by rail, is a county road, which runs" from Highway 5, across the railroad "right of way to the physical plant" of the company. The distance from the highway to the plant is not shown. That distance might be 100 yards or 10 miles, for aught that appears in the bill. We do not think a plant located ten miles, or even one mile, from a highway and on a county road, is, as a matter of law, "located on" that highway according to the ordinary meaning of the language used. It seems more likely that such a plant would ordinarily be described as being one mile, or ten miles, "off" the highway.

The Commission's argument seems to be summarized in brief as follows:

"The Commission does not contend that Cooper may not travel Alabama Highway No. 5 in order to serve points east of said highway; but the Commission says that if Highway No. 5 is the only place of entrance to a point east of said highway that Cooper does not have the authority to serve said point.

"The reason for the Commission's position on this question is that Public Convenience and Necessity does not require, nor does it even permit, a motor carrier to travel a circuitous route to serve a particular point when said point is on the direct route of other motor carriers. In this case we have several other motor carriers who have the authority to serve points on Alabama Highway No. 5, but not points east of said highway; and said motor carriers are now actually serving the plant of Courtaulds with the approval of the Commission."

▪ Whatever may be the reason for the appellee's contention, we are not able to agree that a restriction which forbids service to a point located on a highway also forbids service to a point which is not located on the highway, simply because the point cannot be reached except by a county road leading from the highway. To so hold would be to amend the certificate.

▪ On demurrer, a bill must be construed most strongly against the pleader, and if a pleading is susceptible of two constructions, one which will render it good and the other bad, the latter must be indulged because it is the one against the pleader. Puckett v. Puckett, supra.

We think the instant bill is subject to two constructions. If it does not affirmatively show that the point in question is not located on Highway 5, certainly it is susceptible of such a construction. So construed, the bill is without equity, and the grounds of demurrer taking that point are due to be sustained.

▪ Appellee has attached to its brief four exhibits purporting to show the relative location of the plant and the highway. These exhibits are not in the record and cannot be considered. Williams v. Schaeffer, 262 Ala. 636, 80 So.2d 722.

The decree overruling the demurrer is reversed, a decree is here rendered sustaining the demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.