398

194 So.2d 554

**SHOMO LAND COMPANY, Inc.**

v.

**Ralph E. JOHNSON et al.**

1 Div. 390.

Supreme Court of Alabama.

Jan. 26, 1967.

J. Jeptha Hill, Brock B. Gordon and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant.

Bert S. Nettles, Robert G. Kendall and Johnston, Johnston & Nettles, Mobile, for appellees.

GOODWYN, Justice.

Appellant filed a bill in the circuit court of Mobile County, in equity, to enjoin appellees, alleged in the bill to be residents of Mobile County, from trespassing on appellant's land in Monroe County. Appellees demurred to the bill, taking the point that it shows on its face that venue of the suit is Monroe County and not Mobile County. This question was properly raised by demurrer. See: Tri-State Corporation v. State ex rel. Gallion, 272 Ala. 41, 45, 128 So.2d 505; State v. Stacks, 264 Ala. 510, 511, 88 So.2d 696; Cleckley v. Cleckley, 250 Ala. 78, 79, 33 So.2d 338; Harwell v. Lehman, Durr & Co., 72 Ala. 344, 345. The demurrer was sustained and appellant declined to plead further. Thereupon, a final decree was rendered dismissing the bill. This appeal is from the final decree.

The one question presented is whether it was error to sustain the demurrer to the bill. Our conclusion is that it was.

Resolvement of the question calls for consideration of two statutes, §§ 54 and 294, Title 7, Code 1940, providing as follows:

"§ 54. Venue of actions.—All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant or one of the defendants resides, if such defendant has within the state a permanent residence; all other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done or may have occurred. *All actions for the recovery of land, or of the possession thereof, or for a trespass thereto, must be brought in the county where the land lies;* a summons issued contrary to this section must be abated on the plea of the defendant. Any agreement or stipulation, verbal or written, whereby the venue herein prescribed is proposed to be altered or changed so that suits may be brought contrary to the provisions of this section, is void." [Emphasis supplied.]

"§ 294. In what county bill filed.— The bill *must* be filed in the county in which the defendant, or a material defendant, resides; and if to enjoin proceedings on judgments in other courts, it *may* be filed in the county in which such proceedings are pending, or judgment rendered; and in case of non-residents, in the county where the subject of the suit or any portion of the same, is when the cause of action arose, or the act on which the suit is founded was to be performed; or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated." [Emphasis supplied.]

Complainant (appellant) contends that venue in this suit is controlled by § 294, while respondents (appellees) insist that § 54 controls. Complainant argues that § 294 gives it a choice of forums in which to seek relief, that is, it could have brought the suit in Monroe County, where the land is located, or in Mobile County, where the respondents reside. Appellees argue that the suit, in effect, is an action of trespass and, therefore, is controlled by the mandatory venue provision of § 54 that "all actions for the recovery of land, or for the possession thereof, or for a trespass thereto, must be brought in the county where the land lies."

Our conclusion is that the action for a trespass to land, dealt with in § 54, is an action at law to recover damages

(see: Woolf v. McGaugh, 175 Ala. 299, 304, 57 So. 754); that § 54 is not here applicable, since the present proceeding is not an action at law but is a suit in equity to enjoin, in personam, certain named individuals from trespassing on complainant's land; that § 294 is applicable to this suit in equity (see: Terrell v. Kimbrell, 204 Ala. 454, 455, 85 So. 797; Reznik v. Mc-Gowin, 227 Ala. 125, 126, 148 So. 851), and that, under § 294, the suit could have been brought in either Mobile or Monroe County (see: Reeves & Co. v. Brown, 103 Ala. 537, 538, 15 So. 824; Harwell v. Lehman, Durr & Co., 72 Ala. 344, 345, supra; Ashurst v. Gibson, 57 Ala. 584, 586–587). Accordingly, it was error to sustain respondents' demurrer to the bill.

The decree appealed from is due to be reversed and the cause remanded to the trial court for further proceedings, including the rendering of a decree setting aside the decree sustaining the demurrer to the bill.

Reversed and remanded.

LAWSON, MERRILL and COLEMAN, JJ., concur.