Leon and Virginia Clardy petition this court for a writ of mandamus to the Honorable Randall Thomas, Judge of the Fifteenth Judicial Circuit, directing him to recognize jurisdiction in an action filed in Montgomery County and to set aside an order transferring the case to Elmore County, due to improper venue. The writ is denied.
This petition arose out of a suit filed by the Clardys against S M Farms, Inc., and E. Phillip Mangum, and E. Phillip Mangum, Jr., individually and as officers and directors of S M Farms. The original complaint contained two counts, each prefaced by an averment that the plaintiffs are the owners of real property in Elmore County and that the defendants are the owners, or in possession of and are farming the adjacent real property.
The pertinent portion of count one alleges:
 "The Defendants have so constructed, maintained, farmed or otherwise managed said property and Defendants have further allowed mud, silt and water to be deposited on Plaintiffs' said property, rendering Plaintiffs' said property permanently less valuable, causing temporary damage and causing great mental anguish to Plaintiffs."
Count two avers:
 "In working on the construction, drainage and in maintaining the property of the Defendants, Defendants have committed a trespass to Plaintiffs' property and have removed the natural vegetation from the surface of the dirt, and in so doing, have caused a severe erosion problem to develop. This erosion, silt and pollution flows onto the property of the Plaintiffs, invading their property and causing substantial and actual damage to their property. These actions of trespass by the Defendants have caused severe pollution to Plaintiffs' property, have interfered with Plaintiffs possessory rights, have permanently decreased its value, and have caused the Plaintiffs great inconvenience and mental anguish."
On 3 November 1983, the trial court granted the plaintiffs' motion for leave to amend. Plaintiffs amended each count of their complaint to include a request for injunctive relief prohibiting the defendants from farming their property so as to damage the land or mineral interests of the plaintiffs, either by direct or indirect action, trespass or nuisance.
The single issue presented by this appeal is whether the trial court properly transferred this cause from Montgomery County to Elmore County.
The proper venue in this action is controlled by Code 1975, §6-3-2, which provides in pertinent part:
 "(b) In proceedings of an equitable nature against individuals:
 "(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated."
To the extent to which counts one and two seek injunctive relief, they sound in equity. Cf. Shomo Land Co. v. Johnson,280 Ala. 398, 194 So.2d 554 (1967). The "subject matter" referred to above concerns the nature of the complaint and of the relief sought. Ex parte Lamb, *Page 1275 400 So.2d 386 (Ala. 1981); Alabama Youth Services Board v. Ellis,350 So.2d 405, 408 (Ala. 1977). We find that the nature of petitioners' complaint and of the relief sought is to protect petitioners' interest in the use and enjoyment of their land located in Elmore County. Therefore, the subject matter of the Clardys' complaint, although not exclusively, is real estate. Accordingly, the proper venue for this action is the situs of the property in question, Elmore County. § 6-3-2 (b)(1), Code 1975.
Contrary to the Clardys' assertions, our findings are not inconsistent with Shomo Land Co. v. Johnson, 280 Ala. 398,194 So.2d 554 (1967). In Shomo, the plaintiff sought to enjoin, inpersonam, certain named individuals from trespassing on a particular piece of property. Accordingly, the court found that the proper venue for the trespass was either the situs of the complainants' property or the county of the residence of the defendants.
In contrast to Shomo, the petitioners' amended complaint cannot be characterized as an in personam action. The amended complaint requests that "The defendants, their agents, servants and employees be enjoined and prohibited from allowing theirproperty, or the property either defendant is farming, to damagethe land or mineral interest of the plaintiffs either by direct or indirect action, whether by trespass or nuisance. . . ." (Emphasis added.) Clearly, the subject matter of all causes of action stated by the petitioners is real estate, and the action is therefore properly commenced in the county where the property is located.
It follows that the venue of this action properly lies in Elmore County. There appearing no error in the trial court's order transferring the cause to Elmore County, the writ of mandamus must be, and is hereby, denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.