MADDOX, Justice.
The question presented by these petitions for writ of mandamus requires us to construe two acts included in the socalled “tort reform package” passed during the Regular Session of the Legislature in 1987. The specific issue is whether the trial judge should have transferred this medical malpractice lawsuit from Jefferson County, where only one of the defendants resides, to Madison County, where most of the defendants reside or do business. To decide that issue, we must determine whether the general statute relating to the change of venue to the place where a case should be tried for the convenience of the parties and witnesses (Act 87-181, Ala. Code (1975), § 6-3-21.1) applies, or whether the forum non conveniens provisions of the Medical Liability Act of 1987 (Act 87-189, Ala. Code (1975), § 6-5-546) is applicable.
The cause of action accrued before June 11, 1987, the effective date of both Acts, but suit was not filed until after June 11, 1987. We hold, therefore, that § 6-3-21.1, applies, and grant the writ.
FACTS
The plaintiffs, Millie V. and Larry Bock-elman, filed a medical malpractice action against Huntsville Hospital; Stancel M. Riley, Jr., M.D.; Stancel M. Riley, Jr., M.D., P.C.; Henry Younes, M.D.; Anesthesia Associates of Huntsville, P.A.; Phillip Laney; and, R. Braswell, who were all in some way involved in a surgical procedure performed on Millie Bockelman on December 16, 1985.
The suit was filed on December 16, 1987, in the Circuit Court of Jefferson County. Only one of the defendants lives in Jefferson County. All the other defendants either reside in Madison County or were doing business only in Madison County. Furthermore, the plaintiffs are permanent residents of Madison County. All of the Madison County defendants filed motions with the Jefferson Circuit Court seeking to have the action moved to the Circuit Court of *1345 Madison County pursuant to Ala. Code 1975, § 6-3-21.1. After a hearing, the trial judge, the Honorable John N. Bryan, Jr., overruled the motions. The defendants then filed this petition, asking this Court to order Judge Bryan to grant the motions to transfer.
As initially stated, this case involves the construction of the provisions of two acts of the Legislature included in the socalled “tort reform package,” relating to the proper venue of tort actions — Act 87-181 (Ala. Code 1975, § 6-3-21.1), and Act 87-189 (Ala. Code 1975, § 6-5-546).
Ala. Code 1975, § 6-3-21.1, in pertinent part, provides:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to section 30-3-5.
“(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to section 6-3-20, section 6-3-21 or Alabama Rules of Civil Procedure. (Acts 1987, No. 87-181, § 1.)”
It is clear from the language of § 4 of Act 87-181 that it does not apply to any civil action pending on the effective date of the act — June 11, 1987. This case, of course, was not pending on June 11, 1987.
The plaintiffs concede that if § 6-3-21.1 applies to this case, then the defendants’ motions are meritorious. They contend, however, that § 6-3-21.1 does not apply, but that § 6-5-546, which was passed in the same session of the Legislature, is controlling. Section 6-5-546 is a part of the “Alabama Medical Liability Act of 1987” and contains its own forum non conve-niens provision. It provides:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred. If plaintiff alleges that plaintiff’s injuries or plaintiff’s decedent’s death resulted from acts or omissions which took place in more than one county within the state of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff’s decedent resided at the time of the act or omission if the action is one for wrongful death. If at any time prior to the commencement of the trial of the action it is shown that the plaintiff’s injuries or plaintiff’s decedent’s death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred. For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party. (Acts 1987, No. 87-189, § 7.)”
This statute applies to all actions accruing after June 11, 1987, and, by express provision, supersedes any inconsistent provision of law. Section 13 of the Medical Liability Act provides that “[t]his Act applies to all actions against health care providers ... accruing after [June 11, 1987,] and as to such causes of action, shall supersede any inconsistent provision of law.” Ala.' Code, 1975, § 6-5-552. It is not disputed that this cause of action accrued before June 11, 1987, but was not filed until after June 11, 1987. Both of the statutes here in issue were signed into law by the Governor on the same date. The general forum non conveniens statute (§ 6-3-21.1) was signed before the Medical Liability Act of 1987, and that has legal *1346 significance because, by its terms, the Alabama Medical Liability Act of 1987 “supersede[s] any inconsistent provision of law.”
The defendants argue that § 6-3-21.1 is applicable to medical malpractice actions that accrued before June 11, 1987, but were not filed until after June 11, 1987. We agree. The plaintiffs argue that the legislature consciously chose a different effective date in the Medical Liability Act of 1987 because it did not intend for the doctrine of forum non conveniens to apply to causes of action for medical malpractice that had already accrued. They contend that this particular action had accrued before the effective date of that Act, and that Judge Bryan was without authority to transfer the case. Judge Bryan agreed with the plaintiffs and entered the following order:
“February 18, 1988. This motion before the court this date. The motion to transfer considered along with arguments of counsel, briefs, and affidavits in support and in opposition.
“Without dispute, there is one defendant that resides in Jefferson County in this action and there is no dispute that the alleged cause of action [accrued] prior to the passage [of] the 'Alabama Medical Liability Act’ (§ 6-5-546, Code of Alabama ).
“The movant seeks to have said action transferred to Madison County, Alabama, for the convenience [of the parties and witnesses] under the General Tort Reform Package Act (§ 6-3-21.1(a), Code of Alabama). It is the opinion of this court that the provisions of § 6-5-546 control as this is a medical malpractice action and since said cause of action [accrued] prior to the enactment of said act, this case is not subject to transfer under the provisions of § 6-3-21.1(a).
“Motion to transfer this date overruled,
“/s/ J.N. Bryan, Jr.
“Presiding Judge”
The only question we are faced with is whether § 6-3-21.1 can properly be applied to medical malpractice actions where the alleged malpractice occurred before June 11, 1987, but the action was not filed until after that date. (The parties agree that if the cause of action accrued after June 11, 1987, it is subject to the provisions of Ala. Code 1975, § 6-5-540, et seq.)
We hold that Judge Bryan acted improperly, and we grant the petitions for writ of mandamus. We have carefully considered the arguments of the plaintiffs to the contrary, but we cannot accept the construction they would have us place on these separate statutes. In order to determine what the Legislature intended, we have examined both statutes and the fact that the Governor signed the Alabama Medical Liability Act of 1987 into law after he approved and signed Act No. 87-181. The Legislature, in its wisdom, has chosen to separate claims against health care providers from other types of claims, and it has set out its reasons for doing so:
“It is hereby declared by the legislature of the state of Alabama that a crisis threatens the delivery of medical services to the people of Alabama and the health and safety of the citizens of this state are in jeopardy. In accordance with the previous declaration of the legislature contained in Act 513 of the regular session of the 1975 Alabama legislature it is the declared intent of this legislature to insure that quality medical services continue to be available at reasonable costs to the citizens of the state of Alabama. This legislature finds and declares that the increasing threat of legal actions for alleged medical injury causes and contributes to an increase in health care costs and places a heavy burden upon those who can least afford such increases, and that the threat of such actions contributes to expensive medical procedures to be performed by physicians and other health care providers which otherwise would not be considered necessary, and that the spiraling costs and decreasing availability of essential medical services caused by the threat of such litigation constitutes [sic] a danger to the health and safety of the citizens of this state, and that this article should be given effect immediately to help control the spiraling cost of health care and to in *1347 sure its continued availability. Additionally, the legislature finds that the increasing threat of legal actions for alleged medical injury has resulted in a limitation on the number of physicians providing specialized health care in this state....”
In light of this expressed legislative intent in the Medical Liability Act of 1987, we can only hold that the Legislature intended those provisions to be the sole method of pursuing actions against health care providers after June 11, 1987, but this action accrued before June 11, 1987. Although we have no legislative history to guide us in our review of the two statutes, it appears, from a reading of the entire package of so-called “tort reform” bills, that the Medical Liability Act was treated as a separate piece of legislation even though many of the same subjects, such as venue, were treated in the Medical Liability Act and also in other legislation.[1]
Both sides cite cases that each contends supports its argument that recognized rules of statutory construction favor its position, but we are of the opinion that we can ascertain the intent of the Legislature in this instance by reading the statutes themselves. As this Court said in Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985):
“It is well settled that although there are occasions when a court must correct or ignore obvious inadvertencies in order to give a law the effect which was plainly intended by the legislature, the judiciary cannot and should not, in a republican form of government, usurp the legislative function. Where, as the fundamental rule is that the Court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Where a statutory pronouncement is clear and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
The petitioners’ argument, succinctly stated, is as follows:
“Though an express exclusion of a class of cases was made in Ala. Code § 6-3-21.1, our legislature did not choose to expressly exclude or delay the application of forum non conveniens to medical malpractice actions.
ti * * * *
“It is unnecessary to distinguish the cases cited by respondents which address the recognized rule of construction that a specific provision, addressing a particular matter prevails over a general provision which may also be read to include the particular matter. Because the statutes under scrutiny are ‘distinct and unequivocal,’ rules of construction and cases citing them are inapposite.
« * * * *
“Any preemptive effect of the Medical Liability Act extends only to cases which accrue after June 11, 1987, and this being true, it is equally clear that Ala. Code § 6-3-21.1 (Supp. 1987), creating a rule allowing transfer for the convenience of witnesses and parties and in the interest of justice, applies to the present action. The only stated restriction on the scope of Ala. Code § 6-3-21.1 (Supp. 1987), is that it does not apply to actions pending before June 11, 1987, or to child support modification matters. As previously noted, this action was filed on December 16, 1987.”
We agree with the petitioners’ analysis. As we construe the two statutes, insofar as medical malpractice actions are concerned, we hold that § 6-3-21.1 applies to all medical malpractice actions that accrued prior to June 11, 1987, but as to which no suit had been filed as of June 11, 1987. Of course, if the action accrued prior to June 11, 1987, and suit was also filed prior to June 11, 1987, then neither § 6-3-21.1 nor § 6-5-546 would apply.
Plaintiffs’ argument is appropriately summed up in a concluding statement in their brief:
*1348 “In the present litigation, the Alabama Legislature opted to enact both general ‘tort reform’ measures and a special law for medical malpractice actions. There are both similarities and differences between the two. In those instances where the two address the same subject matter the only possible conclusion is that an exception to the general law was intended in the cases involving medical malpractice. Section 6-3-21.1 was made applicable to pending nonmalpractice, civil actions, but, for whatever reason, the Alabama Legislature decided something different as to the granting of a similar authority in medical malpractice cases. Sections 6-5-546 and 6-5-552 constitute special legislation which supersedes the general law. Section 6-3-21.1 covers all civil actions except medical malpractice ones.”
Plaintiffs’ argument has some appeal, but it seems that the Legislature intended that § 6-3-21.1, a general provision, should apply to all cases (including medical malpractice cases), with only one exception, which is listed in the statute — “cases subject to section 30-3-5.” Because we hold that the Legislature intended that § 6-3-21.1 should apply to medical malpractice cases that had accrued prior to June 11, 1987, and in which no suit had been filed, we need not discuss the principle of law that special provisions relating to specific subjects control general provisions relating to general subjects. See Baldwin County v. Jenkins, 494 So.2d 584, 588 (Ala.1986), Pucket v. Pucket, 174 Ala. 315, 56 So. 585 (1911), Cooper Transfer Co. v. Alabama Public Service Commission, 271 Ala. 673, 127 So.2d 632 (1961), State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945), and Herring v. Griffin, 211 Ala. 225, 100 So. 202 (1924).
Based on the foregoing, we hold that the learned trial judge erred when he held “that the provisions of § 6-5-546 control as this is a medical malpractice action and since said cause of action [accrued] prior to the enactment of said act, this case is not subject to transfer under the provisions of § 6-3-21.1(a).” The petitions for writ of mandamus, are therefore, due to be granted.
WRITS GRANTED.
TORBERT, C.J., and BEATTY, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.

. See an article by Robert D. Hunter, who served as the Governor’s special counsel on tort reform, which appears at 18 Cumb.L.Rev. 308 (1988).