Former Judge John M. Karrh appeals to this Court for a de novo review, pursuant to § 12-18-2(c), Ala. Code 1975, of the decision of the Board of Control of the Employees' Retirement System of Alabama in which the Board voted to terminate his retirement benefits. After attaining a total of 18 years of creditable service as a district judge and then a circuit judge, Judge Karrh retired as judge of the Sixth Judicial Circuit, Tuscaloosa County, effective May 1, 1993, and began receiving retirement benefits. On September 29, 1993, an employee of the Employees' Retirement System wrote Judge Karrh a letter informing him of the "assessment" that he was "retired in error" and "should not be eligible to receive judicial retirement benefits prior to age 60." That decision was affirmed by a vote of the Board of Control on December 3, 1993, and Judge Karrh appealed to this Court. This appeal requires us to construe an ambiguity in a 1979 amendment to the Alabama Code and to decide whether a person who was serving as a district judge *Page 670 
before July 30, 1979, and who later became or becomes a circuit or appellate court judge, is eligible to retire after 18 years' service.
The judicial retirement fund is "administered by the Secretary-Treasurer of the State Employees' Retirement System under the supervision of the Board of Control of the said State Employees' Retirement System." § 12-18-2(a), Ala. Code 1975. Section 12-18-2(c) grants a judge aggrieved by a decision of the Board of Control a right to appeal to this Court, and provides that this Court "shall hear said appeal de novo." A court hearing a matter "de novo" decides the issues anew:
 "The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered. — Ballantine's Law Dictionary, 3rd Ed."
Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970).
After appealing to this Court, Judge Karrh filed a motion to remand the cause to the Board of Control for "that body to hold a hearing to consider the issue of Judge Karrh's retirement benefits after reasonable notice and to afford him an opportunity to present evidence and argument in support of his position." This Court granted that motion. Judge Karrh gave a deposition and identified pertinent documents. He thereafter appeared at a meeting of the Board of Control on November 16, 1994. The Board of Control, after considering his statements and the response of its staff, again voted to terminate Judge Karrh's benefits, but also, as before, voted to continue paying them during the pendency of this appeal. Judge Karrh filed a renewed notice of appeal. The parties compiled further evidence by affidavit, by deposition, and by the deponents' identification of documents, and the cause was submitted for this Court's decision.
This controversy concerns a 1979 amendment to the judicial retirement law. Act No. 79-566, 1979 Ala. Acts, p. 1015, was codified at Ala. Code 1975, §§ 12-18-40 and -41. Section12-18-40 reads, in pertinent part:
 "On or after July 30, 1979, any person assuming office for the first time as a justice of the Supreme Court, judge of a court of appeals[1] or a circuit judge, shall receive and be entitled to all retirement benefits prescribed in Title 12, Chapter 18, Articles 1 and 2, except as follows:
 "(1) The provisions of subdivisions (3) and (5) of both subsections (a) and (b) of Section 12-18-6, to the contrary notwithstanding, except for disability, no such justice or judge shall be eligible to receive judicial service retirement pay prior to attaining 60 years of age."
Section 12-18-41 provides:
 "Any person with service as a judge of a district court who assumes the office of circuit judge or as a justice of the Supreme Court or judge of a court of appeals shall be entitled to receive creditable service for such time served as judge of a district or county court for inclusion toward retirement under Title 12, Chapter 18, Articles 1 and 2."
Section 12-18-6(b)(5) is part of article 1 of title 12, chapter 18. It allows a circuit judge to retire if he or she "[h]as served for not less than 18 years or three full terms or a time equal to three full terms as a circuit judge." The question before us is whether Judge Karrh and other district judges serving before July 30, 1979, are entitled to retire under § 12-18-6(b)(5) if they later became circuit judges (or appellate judges, see § 12-18-6(a)(5), also part of article 1).
Judge Karrh was appointed as a judge of the Tuscaloosa County Court on June 1, 1976, and, on January 16, 1977, became a judge of the district court of that county upon the implementation of the Judicial Article of the Alabama Constitution as amended by Amendment 328, Ala. Const. 1901. See § 6.21(d) of Amend. 328; 1975 Ala. Acts, Act No. 1205, p. 2384. He was elected to a full term as district judge in 1980. He was elected as a judge of the Sixth Judicial Circuit in 1982 and, being reelected in 1988, served in that capacity until April 30, 1993. He *Page 671 
reached 18 years of creditable service on April 30, 1993, by purchasing credit in the judicial retirement fund for the time he had served as executive assistant to the Governor. See Act No. 91-795, 1991 Ala. Acts, p. 190.
Section 12-18-41 allows "Any person with service as a judge of a district court who assumes the office of circuit judge or [appellate judge] to receive creditable service for . . . time served as judge of a district or county court for inclusion toward retirement under Title 12, Chapter 18, Articles 1 and 2" (emphasis added). Thus, under the literal terms of § 12-18-41,any district judge who becomes a circuit or appellate judge may retire under the provisions of § 12-18-6, not under the amended provisions of § 12-18-40, even if he or she became a district judge on or after July 30, 1979.
To so construe the 1979 amendment would give later-elected district judges a benefit not available to later-elected circuit and appellate judges. If § 12-18-41 were read literally, it would allow a judge elected to the district court at any time, even after the effective date of Act No. 79-566, to serve for a time as a district judge, later become a circuit or appellate judge, and retire under the provisions of §12-18-6, without regard to the exceptions of § 12-18-40. Such a result would create unworkable and unjust results: for example, a district judge elected in 1980 and then elected to the circuit court in 1986 and 1992 could retire upon completion of the term to which he or she was elected in 1992, without regard to age, whereas a circuit judge elected in 1980 and reelected in 1986 and 1992 could not retire until reaching age 60.
 "If a statute is susceptible of two constructions, one of which is workable and fair and the other unworkable and unjust, the court will assume that the legislature intended that which is workable and fair."
Ex parte Hayes, 405 So.2d 366, 370 (Ala. 1981), quoting State v.Calumet Hecla Consol. Copper Co., 259 Ala. 225, 233-34,66 So.2d 726, 731 (1953).
Section 12-18-41 comes from § 2 of Act No. 79-566; section 1 of that act adopted what is now § 12-8-40. Section 1 allows judges coming under its provisions to "receive and be entitled to all retirement benefits prescribed in Title 12, Chapter 18, Articles 1 and 2, Code of Alabama 1975, except as follows," and lists four exceptions, including the one at issue here. Section 2 allows retirement under Articles 1 and 2, without referenceto the exceptions enacted in § 1. Section 2 of Act No. 79-566 specifically applies to district judges who later become circuit or appellate judges, and it allows them to count their service as district judges toward retirement as circuit or appellate judges under articles 1 and 2 of title 12, chapter 18. Section 2 of Act No. 79-566 is thus more specific as to the retirement of district judges under article 1 after they become circuit or appellate judges and will therefore govern over the general provisions of § 1 of that Act regarding the retirement of circuit and appellate judges who assume office on or after the Act's effective date. Where general and specific provisions of a statute conflict, the specific provisions govern over the general ones. Murphy v. City of Mobile, 504 So.2d 243
(Ala. 1987); Cooper Transfer Co. v. Alabama Public Serv. Comm'n,271 Ala. 673, 127 So.2d 632 (1961); State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945); Ivey v. Railway Fuel Co., 218 Ala. 407,118 So. 583 (1928); City of Birmingham v. Southern ExpressCo., 164 Ala. 529, 51 So. 159 (1909).
However, to eliminate unworkable and unjust results and to effectuate the purpose of the Act as a whole, we construe § 2 of Act No. 79-566 to mean, when it says "any person with service as a judge of a district court," that any person with such service before the enactment of Act No. 79-566 on July 30, 1979, may retire without reference to the exceptions in § 1, and that any person beginning service as a district judge on or after that date will be subject to the exceptions of § 1, just as persons first beginning judicial service as circuit or appellate court judges on or after that date will be. Thus, circuit and appellate judges who have formerly served as district judges will be subject to the same provisions as circuit and appellate judges who have not formerly served as district judges: If they first assumed *Page 672 
judicial office before July 30, 1979, they may retire pursuant to article 1 of chapter 18 of title 12, without reference to the exceptions adopted in § 1 of Act No. 79-566. If they first assumed judicial office on or after that date, the exceptions in § 1 of that Act apply to them.
This construction recognizes the principle that statutes are to be construed as a whole, so as to harmonize their parts, if possible. McRae v. Security Pacific Housing Services, Inc.,628 So.2d 429 (Ala. 1993); Lee Optical Co. of Alabama v. State Bd.of Optometry, 288 Ala. 338, 261 So.2d 17 (1972).
 "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole."
2A Singer, Statutes and Statutory Construction, § 46.05 (1992). The overall purpose of Act No. 79-566 was to limit several provisions of the judicial retirement law, but only as to persons becoming judges on or after the effective date of the act. Section 2 of Act No. 79-566 appears to give the benefit of the pre-existing retirement provisions to district judges who later became, or become, circuit or appellate judges, and to do so without reference to the restrictive provisions of § 1. However, such a construction would contravene the purpose of the statute as a whole, so we give § 2 the more limited construction we have expressed above, giving the pre-existing benefits only to persons who were district judges before the Act's effective date and who later became or may become circuit or appellate judges.
This construction is consistent with the construction that was uniformly given by various state officers and employees to Act No. 79-566 during the first 14 years after its passage. In compiling evidence for this appeal, Judge Karrh showed that from 1979 until after his retirement, Employees' Retirement System officers and attorneys had conveyed to him and other similarly situated judges the information that he and they would be eligible to retire and receive retirement pay upon completion of 18 years' service. This evidence shows that, when Act No. 79-566 was enacted and for many years thereafter, the Employees' Retirement System executives and attorneys responsible for administering the judicial retirement fund construed Act No. 79-566 as we construe it today. For example, Judge Samuel H. Monk of the Seventh Judicial Circuit testified that in the summer or fall of 1979, the Employees' Retirement System representative responsible for administering the Judicial Retirement Fund told him, when he was a district judge:
 "If you were a contributing member of the Judicial Retirement Fund prior to the effective date of the amendments in '79, that the rules did not change, that they — that the eighteen-year retirement provisions of the pre-'79 amendments would apply if I sought and secured the appointment of circuit court judge."
The evidence before us shows that Employees' Retirement System officials consistently construed §§ 12-18-40 and -41 in this manner until September 1993, when they informed Judge Karrh that he was "retired in error."
This interpretation was also followed by two attorneys general in two opinions, one issued by Attorney General Charles Graddick on June 17, 1985, Opinion No. 85-387, and the other issued by Attorney General Jimmy Evans on December 3, 1992, Opinion No. 93-67.
The Employees' Retirement System Board of Control now argues that Judge Karrh, or any other judge who was a district judge before July 30, 1979, but who later became judge of a circuit or appellate court, "assum[ed] office for the first time as a justice of the Supreme Court, judge of a court of appeals, or a circuit judge" on or after that date, and so are subject to the exceptions codified in § 12-18-40. We disagree.
On the contrary, we agree with the earlier interpretation by the Employees' Retirement System as to the resolution of the ambiguity created by § 12-18-41 and its interaction with §12-18-40. The interpretation by which these judges are entitled to retire notwithstanding the restrictive provisions of §12-18-40 is the only proper and just interpretation. *Page 673 
Two attorneys general, the Employees' Retirement System staff, and the judges who made inquiries and discussed the effect of the amendment both before and after its passage all interpreted the restrictive exceptions as not applying to any judges who assumed office before July 30, 1979.
For the foregoing reasons, we hold that § 12-18-40 does not apply to a district judge who assumed office before July 30, 1979, and who later became, or may become, a circuit or appellate judge, and that, therefore, such a judge may retire without regard to the restrictive provisions stated as exceptions in § 12-18-40, but that those restrictive provisions do apply to a district judge who assumed office on or after July 30, 1979. The action of the Board of Control terminating Judge Karrh's retirement benefits is reversed, and a judgment is hereby rendered for Judge Karrh affirming his right to retire according to the provisions of § 12-18-6(b)(5) and otherwise without regard to the exceptions stated in §12-18-40(1) through (4).
REVERSED AND JUDGMENT RENDERED.
HOOPER, C. J., and MADDOX, SHORES, and HOUSTON, JJ., concur.
KENNEDY, COOK, and BUTTS, JJ., recuse.
[1] For simplicity, we shall refer to these provisions pertaining to Justices of the Supreme Court or Judges of a Court of Appeals as referring generally to "appellate judges."