*186 MURDOCK, Justice
(dissenting).
I join Justice Lyons’s dissenting opinion. I would add the following:
The fact that it is the State Bar that would enforce the Rules of Professional Conduct and possibly perform the disciplinary act of removing Dubose from the roll of licensed attorneys for misconduct committed by him while he was an attorney and before he took judicial office does not mean that Dubose would be removed from his judicial office in a manner contrary to the Alabama Constitution. To say that the State Bar may remove Dubose from the roll of licensed attorneys is not to say that it can take the further step of acting upon that development and ousting Dubose from judicial office. Clearly, the authority to do so lies elsewhere.
Authority and responsibility for addressing violations of the Rules of Professional Conduct by attorneys while engaged in the practice of law, however, is in the State Bar. The Judicial Inquiry Commission and the Court of the Judiciary have no such authority. I am confident that this Court, in promulgating the Rules of Professional Conduct and the Rules of Disciplinary Procedure, did not intend for an attorney to be able to postpone or even avoid altogether any real consequence for his violation of the former because he succeeds in being appointed or elected to a judgeship in the interval between his commission of an offense and disciplinary action by the State Bar. Cf. Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001)(“ ‘In deciding between alternative meanings ..., we will not only consider the results that flow from assigning one meaning over another, but will also presume that the legislature intended a rational result, one that advances the legislative purpose in adopting the legislation, that is “workable and fair,” and that is consistent with related statutory provisions.’ John Deere Co. v. Gamble, 523 So.2d 95, 100 (Ala.1988) (citations omitted).”); Karrh v. Board of Control of Employees’ Ret. Sys. of Alabama, 679 So.2d 669, 671 (Ala.1996) (to similar effect); League of Women Voters v. Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974) (“Where there is doubt as to the legislative intent in a statute, weight will be given to the practical effect which a proposed construction will have.” (citations omitted)).